## ROSALIE WOLFER

### *v.*

## JOHN HEMMER *et al.*

*Filed at Ottawa, March 31, 1893.*

1. WILLS — *devise in fee — devise over, void.* A testator, by the first clause of his will, devised and bequeathed to his wife, " her heirs and assigns," certain city lots, and by the second clause bequeathed to her all his remaining estate, both real and personal, to be by her used and

144    554
e215   ⁷137

disposed of during her natural life, the same as he might do if living, and gave her " full power to sell, mortgage, exchange, invest and re-invest the same in the same manner I (the testator) might do if living, and to distribute the same by gift or otherwise among my children at any time during her life as to her shall seem meet and proper, and to appoint the same among my children by will after her decease according to her own judgment and discretion." The will then provided that if any of the testator's estate, real or personal, should remain undisposed of by his wife at the time of her decease, then he gave and devised all such residue and remainder of his estate to be equally divided among his children then living, etc.: *Held*, that the wife took an estate in fee in the lands, and that the devise over was void, however clearly it was expressed.

2. If there be an absolute power of disposition given by a will to the first taker, as if an estate be devised to A. in fee, and, if he dies possessed of the property without lawful issue, the remainder over to the heirs of the testator, the devise of the remainder over is void, because of the preceding fee; it is void by way of executory devise, because the limitation is inconsistent with the absolute estate or power of disposition expressly given, or necessarily implied by the will. A valid executory devise can not subsist under an absolute power of disposition in the first taker.

3. When the first devisee has the absolute right to dispose of the property in his unlimited discretion, and not a mere power of appointment among certain specified persons or classes, an estate over is void as being inconsistent with the first gift.

4. SAME — *a devise to a person and " his heirs."* The words in a will, " I give, devise and bequeath unto my beloved wife, A. H., her heirs and assigns, the following described real estate," amount to a devise of the title in fee. A devise to one, "his heirs and assigns forever," or " to him and his heirs," will pass the title in fee simple. In either form the words "his heirs" are words of limitation, and vest the absolute title.

5. SAME — *when construed according to intention of testator.* While it is always the first object of the courts, in construing wills, to give effect to the intention of the testator, they can only do so when that intention does not run counter to the established rules of law. When the words of a will pass an estate in fee simple the court can not, by construction, limit a less estate.

6. RULE IN SHELLY'S CASE — *a rule of property.* The rule in *Shelly's* case is in force in this State as a rule of property, and must prevail whenever a devise or conveyance, by the terms of the will or deed, falls within it, regardless of the otherwise expressed intention of the testator or grantor.

7. STATUTES CONSTRUED. *Section* 13 *of chapter* 30, *relating to conveyances,* which prescribes that " every estate in lands, which shall be

granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not used, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law," has no application to cases where the words heretofore essential to pass an estate of inheritance are used. It is only where such words are wanting that the courts are authorized to inquire whether an estate less than the fee is limited by express words or not.

APPEAL from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Messrs. BLANKE & CHYTRAUS and Mr. WM. VOCKE, for the appellant:

Where an estate is devised to one and his heirs and assigns, and there is added, either by express words or by implication, an absolute power to dispose of the estate, a limitation over is void, because it is inconsistent with the absolute property reposed in the first taker. 4 Kent's Com. (11th ed.) 270; 2 Washburn on Real Property (5th ed.), 782; 2 Redfield on Wills, 277; 2 Jarman on Wills (5th Am. ed.), 495, note 3; *Ide* v. *Ide*, 5 Mass. 500; *McDonald* v. *Walgrave*, 1 Sandf. Ch. 274; *Jendevine* v. *Jendevine*, 61 Vt. 596; *Babcock* v. *Whitney*, 24 Pick. 146; *Jackson* v. *Robbins*, 16 Johns. 589.

The validity of the rule has been recognized repeatedly by this court. *Welsh* v. *Belleville Savings Bank*, 94 Ill. 203; *Hamlin* v. *U. S. Express Co.*, 107 id. 448; see, also, *Walker* v. *Pritchard*, 121 id. 221; *Johnson* v. *Johnson*, 98 id. 564; *Henderson* v. *Blackburn*, 104 id. 227.

Mr. ROBERT H. McMURDY and Mr. FRANK G. ALLEN, for the appellees:

The whole will is to be considered to determine what estate is in fact granted to the first taker. If it is plainly a fee, the limitation over is void; if it is a life estate with power to dispose of the fee, the limitation over is valid. R. S., chap. 24, sec. 13; *West* v. *Fitz*, 109 Ill. 436.

Mr. JUSTICE WILKIN delived the opinion of the Court:

Appellees brought their action of ejectment, against appellant and certain tenants holding under her, to recover possession of lots 24 and 25, etc., in the city of Chicago. A trial in the Superior Court of Cook county, on a plea of the general issue, resulted in a judgment for the plaintiffs for the said lots in fee, and from that judgment the defendant below prosecutes this appeal.

The premises in controversy were formerly owned by one John Hemmer, who died in June, 1872, leaving the following last will and testament which, after his death, was duly probated.

"*First.* I give, devise and bequeath unto my beloved wife, Angela Hemmer, her heirs and assigns, all the following described real estate, located in the city of Chicago, Cook county and State of Illinois, and known and described as follows, to-wit: Lots numbered twenty-four (24) and twenty-five (25), in the northeast corner of the southeast quarter of section twenty (20), in township thirty-nine (39) north, range fourteen (14), east of the third principal meridian; also lots ninety-nine (99) and one hundred (100), in Given and Gilbert's subdivision of the fifteen acres in section fourteen (14), township thirty-nine (39), range thirteen (13).

*Second.* I give, devise and bequeath unto my beloved wife, Angela Hemmer, all my remaining estate, both real and personal, in whatever it may consist or wherever it may be situated at the time of my death, to be by her used and disposed of during her natural life precisely the same as I myself might do were I living; and giving my said wife full power to sell, mortgage, exchange, invest and reinvest the same, in the same manner I might do if living; and to distribute the same, by gift or otherwise, among my children, at any time during her life, as to her shall seem meet and proper, and to appoint the same among my children by will after her decease, accord-

ing to her own judgment and discretion. But if any of my said real estate or any of my personal estate shall remain undisposed of by my said wife at the time of her decease, I give, devise and bequeath all such residue and remainder of my said estate to be equally divided among my children who shall be living at that time, and the issue of any child who may have been then deceased, such issue taking the share to which such deceased child would be entitled if living. This proviso is to apply to all my estate.

Lastly, I hereby appoint my said wife, Angela Hemmer, sole executrix of this, my last will and testament, and she shall not be required to give any bond as such executrix.

In testimony whereof I have hereunto set my hand and seal this 29th day of May, A. D. 1872.

Signed:      John Hemmer.    [seal.] ''

Subsequently his widow Angela intermarried with one Lorenz Wolfer and died intestate having made no disposition of said lots, and leaving appellees and one Leopold Wolfer (a child of the last named marriage), her only children and heirs at law. Said Leopold died in infancy leaving his father, Lorenz Wolfer, and appellees his heirs at law. Said Lorenz thereafter married appellant Rosalie, and died intestate leaving an only child Josephine C., surviving him, his sole heir at law, and this child, thereafter, also died intestate, leaving appellant, her mother, her sole heir at law.

No issue of a deceased child of John Hemmer survived his widow Angela, and at her death appellees were his only living children.

Under this state of facts appellees insist that upon the death of their mother they took the title to said lots in fee, under said will. This claim is based upon the theory that, properly construed, the will gave their mother only a life estate in those lots, with a power of disposition, and that upon her death the title in fee to the same, or so much thereof as remained undis-

posed of, vested in them. On the contrary, appellant contends that by the terms of said will the wife Angela took said lots in fee, and upon her death the title thereto became vested in her heirs, under our statute of descents, appellant taking an interest in the same as tenant in common with appellees. The only question, therefore, presented for our decision is, did the wife of John Hemmer, under his said will, take the title to these lots in fee simple, or was her estate therein for life only, with a power to dispose of the same.

That the language in the first clause, "I give, devise and bequeath unto my beloved wife, Angela Hemmer, her heirs and assigns, the following described real estate," amounted to a devise of the title in fee cannot be seriously questioned. It is said in Redfield on Wills, vol. 2, p. 326: "The usual form of creating a devise in fee simple is by giving the property to the devisee, his heirs and assigns forever, but to him and his heirs is all that is technically required."

In either form of expression the words *"her heirs,"* as here used, would be words of limitation, the fee vesting in the devisee, Angela Hemmer. *Baker et al.* v. *Scott,* 62 Ill. 86; *Brislain* v. *Wilson,* 63 id. 173; *Beacroft et al.* v. *Strawn, etc.,* 67 id. 28; *Butler* v. *Huestis et al.,* 68 id. 594; *Wicker et al.* v. *Ray,* 118 id. 472; *Ryan et al.* v. *Allen,* 120 id. 648; *Carpenter* v. *Van Olinder,* 127 id. 42; *Griswold* v. *Hicks et al.,* 132 id. 494; *Hageman* v. *Same,* 129 id. 164; *Fowler* v. *Black et al.,* 136 id. 363. But counsel for appellees say, "if the intention of the testator, upon a fair construction of the whole instrument, is such as to warrant the construction, the fee granted will be cut down to a life estate, with a power of disposition of the fee, and the subsequent words in that way will be given effect," and upon this proposition rests their entire case. Manifestly the position is irreconcilable with the rule in *Shelly's* case, which, as shown by the cases above cited, is in force in this State as a rule of property, and must prevail whenever a devise or conveyance by the terms of the will or

deed falls within it, regardless of the otherwise expressed intention of the testator or grantor.

Here there is no pretense that John Hemmer used the words, "her heirs," in any other than the strict legal sense, and, therefore, the devise made by the first clause of his will vested the fee to the lots in question in the wife, even though an intention to give her but a life estate therein can be said to appear from the second clause. *Carpenter* v. *Van Olinder, supra; Griswold* v. *Hicks et al., supra; Hagaman* v. *Same, supra; Fowler* v. *Black, supra.*

It is clear, then, that the fee being devised to the wife by the express terms of the first clause, a devise over, as is claimed by the second, could only take effect as an executory devise. But, as is said in Redfield on Wills, vol. 2, p. 277, "It is a settled rule of American as well as English law that, when the first devisee has the absolute right to dispose of the property in his own unlimited discretion, and not a mere power of appointment among certain specified persons, or classes, an estate over is void as being inconsistent with the first gift." The same rule is announced in Kent's Commentaries, vol. 4, p. 270, thus: "Nor can an executory devise, or bequest, be prevented or destroyed by any alteration whatsoever, in the estate out of which, or subsequently to which, it is limited. The executory interest is wholly exempted from the power of the first devisee or taker. If, therefore, there be an absolute power of disposition given by the will to the first taker, as if an estate be devised to A in fee, and if he dies possessed of the property without lawful issue, the remainder over, or remainder over of the property which he, dying without heirs, should *leave,* or without *selling* or *devising* the same, in all such cases the remainder over is void as a remainder, because of the preceding fee; it is void by way of executory devise, because the limitation is inconsistent with the absolute estate or power of disposition expressly given, or necessarily implied

by the will. A valid executory devise can not subsist under an absolute power of disposition in the first taker."

Numerous decisions might be cited approving and following this rule, and our attention has been called to none to the contrary. It has been expressly recognized by this court in *Fairman* v. *Beal*, 14 Ill. 244; *Welsch* v. *Belleville Savings Bank*, 94 id. 203; *Hamlin et al.* v. *U. S. Express Co.*, 107 id. 448.

More comprehensive language to confer an unlimited discretionary power of disposition, could not be commanded, than was used by the testator in the second clause of this will.

The wife is given "full power to sell, mortgage, exchange, invest, and reinvest the same in the same manner I (the testator) might do if living, and to distribute the same, by gift, or otherwise, among my children at any time during her life as to her shall seem meet and proper, and to appoint the same among my children by will after her decease according to her own judgment and discretion." The devise over would, there-fore, under the foregoing authorities be void, however clearly expressed. Counsel for appellee seem to understand that section 13, chapter 30, of our statute entitled "Conveyances," which provides that " every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not used, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law," authorizes a court, in *every* grant, conveyance or devise, to inquire whether an estate less than the fee is limited by express words, etc.

But by the express terms of the statute such inquiry can only arise if " *words heretofore necessary to transfer an estate of inheritance be not used.*" Here we repeat, as to lots 24 and 25, the essential words to pass an estate of inheritance are used, and, therefore, the statute has no application. Had the

36—144 Ill.

property in controversy been devised under the second clause of the will, the argument of counsel would have been pertinent, and the decisions of this court cited in support of it would be in point.   In the second clause words necessary to transfer the fee are not used, but under the foregoing section of the statute an estate of inheritance would pass if it did not appear, upon a consideration of the whole instrument, that a less estate was limited.   In *Walker* v. *Pritchard*, 121 Ill. 221, speaking of cases falling within the provisions of the statute, we said : " In the absence of limiting or qualifying words, it is a fee, but with such words the instrument is to be construed so as to give effect to the intention of the testator, as manifested by the phraseology of the entire instrument, *and hence* arbitrary rules of common law, applicable to cases where, before the enactment of the statute, a fee was clearly technically given, are not pertinent, for in those cases there is no question in the first instance what estate is given, but it is — a fee being given — what effect have subsequent words of limitation."   And so here, the question as to what title passed to the wife, of all the remaining real estate mentioned in the second clause, is one of construction and intention, but the title in fee to lots 24 and 25, having been clearly and technically given to her, the only question is, what effect, if any, have subsequent words of limitation upon that title.

Keeping in mind the distinction between the first devise in said will, and cases in which the gift to the first taker was a life estate only, or made without using words necessary at common law to pass a fee simple title, none of the authorities relied upon by counsel for appellees will be found to conflict with the views here expressed.

While it is not entirely clear that the testator intended the second clause of his will to apply to the devise made in the first, we concede that, taken as a whole, the will is susceptible of that construction ; but while it is always the first object of courts, in construing wills, to give effect to the intention of

the testator, they can only do so when that intention does not run counter to the established rules of law. Here, John Hemmer, in making the first devise in his will, selected and used words which, under the inflexible rules of law, vested the title to the lots in controversy in his wife in fee simple, and he will be conclusively presumed to have so intended. It follows that the trial court erred in adjudging appellees to be the owners of said lots, to the exclusion of appellant, and its judgment must, therefore, be reversed.

*Judgment reversed.*

CRAIG, J., dissenting.