ROBERT C. LAMBE *et al.*

*v.*

C. O. DRAYTON *et al.*

*Opinion filed October 25, 1899.*

1. WILLS—*devise construed as passing fee simple title.* A devise of real estate to a specified person, her "heir" and assigns, is equivalent to a gift to such person, her heirs and assigns, and amounts to a devise of the title in fee.

2. SAME—*fee simple devise cannot be reduced by habendum clause.* A fee simple title to land granted by a devise to the testator's wife, her heirs and assigns, is not limited and reduced to a life estate by a subsequent *habendum* clause "to have and to hold the said real estate to my said wife her lifetime."

3. SAME—*effect of section 13 of Conveyance act upon the construction of wills.* The right to look to qualifying words in wills or conveyances with a view to determining whether a less estate than a fee was intended to be passed, exists, under section 13 of the Conveyance act, (Rev. Stat. 1874, p. 275,) when words of inheritance are not used, but not if they are.

4. SAME—*remainder over after fee simple devise is void.* A remainder over attempted to be given to children after the fee simple title has been given to the widow by a preceding clause in the will is

void because of the preceding fee, and void by way of executory devise because of the power of disposition given the first taker.

5. REAL PROPERTY—*power of alienation is incident to fee simple title.* The power to sell or otherwise dispose of land is involved in the grant of a fee simple title.

CARTWRIGHT, C. J., and WILKIN, J., dissenting.

WRIT OF ERROR to the Circuit Court of Clinton county; the Hon. A. S. WILDERMAN, Judge, presiding.

On the 16th day of January, 1890, Robert J. Drayton died testate. His will is as follows:

"*First*—I give and bequeath to my dear wife, Margaret Ann Drayton, her heir and assigns, all my real estate possessed by me at my death, together with all the hereditaments and appurtenances thereto belonging or in anywise appertaining, to have and to hold the said real estate to my said wife, Margaret Ann Drayton, her lifetime.

"*Second*—I give and bequeath to my wife, Margaret Ann Drayton, all my personal estate, goods and chattels, of what nature and kind soever.

"*Third*—At my wife's death I hereby direct my executors below named, to have my property, real and personal,—I mean what is left at my wife's death,—divided equally and share and share alike, between my three children or their legal heirs, James R. Drayton, Charles O. Drayton and Harriet B. Drayton, with this understanding: that any amount of money or other property received by any of my children, or paid by me for their benefit previous to my death, shall be deducted from their respective part of my estate."

Margaret Ann Drayton survived the testator and is still living.

The plaintiffs in error contended that James R. Drayton, mentioned in the third clause of the said will, under the proper construction of the will, became seized of an undivided one-third part of the real estate belonging to the testator, subject to the life estate of the widow, and that they had acquired such alleged interest of the said

James R. Drayton in said lands. They filed a bill in chancery for partition, and for other relief not necessary to be adverted to in the view taken of the case in the opinion. The circuit court construed the will to vest the title in fee simple absolute in the said Margaret Ann Drayton, and therefore dismissed the bill. This is a writ of error to bring the decree of the circuit court into review in this court.

M. P. MURRAY, for plaintiffs in error.

JOHN G. IRWIN, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In the first clause of the will the gift is to "Mary Ann Drayton, her heir and assigns." The word "heir" here has the same meaning as though it were "heirs." It matters not that the devise expresses "heir" in the singular, "while the statute heirs in the given instance are in the plural; for 'heir' is a collective term, and may stand for any number of persons who happen to fulfill the description." (Schouler on Wills, sec. 548). Therefore, by the first clause of the will, the language of the testator must be regarded as though it were as follows: "I bequeath to my dear wife, Mary Ann Drayton, her heirs and assigns, all my real estate," etc. The gift and bequest of the real estate to Mary Ann Drayton, her heirs and assigns, amounted to a devise of the title in fee. "The usual form of creating an estate in fee simple is by giving the property to the devisee, his heirs and assigns forever, but to him and his heirs is all that is technically required." (2 Redfield on Wills, p. 326; *Wolfer* v. *Hemmer*, 144 Ill. 554).

The question arises whether the devise to "Mary Ann Drayton, her heirs and assigns," is any the less a devise of the title in fee because of the use of the following words: "to have and to hold the said real estate to my

said wife, Mary Ann Drayton, her lifetime." It is contended by plaintiffs in error, and, at first blush, would appear to be the natural construction, that the use of the words last above quoted limited the estate of Mary Ann Drayton, as given by the will, to a mere life estate. It cannot be said, however, that the use of the qualifying words after the devise of the title in fee had the effect of thus reducing and limiting the character of the estate.

The words: "to have and to hold the said real estate to my said wife, Mary Ann Drayton, her lifetime," are the same words which constitute the ordinary "*habendum* and *tenendum*" clause in a deed. The object of such a clause in a deed is to state the character of the grantee's estate. But "so unimportant is the *habendum*, that, if it is hopelessly repugnant to the limitations appearing in the premises, it will be ineffectual to control the terms of the premises." (5 Am. & Eng. Ency. of Law, pp. 456, 457, and cases in notes).

Washburn, in his work on Real Property, (vol. 3,—5th ed.—marg. pp. 643, 644), says: "If, however, there is a clear repugnance between the nature of the estate granted and that limited in the *habendum*, the latter yields to the former. * * * If, therefore, the grant be to A and his heirs, *habendum* to him for years or for lifetime, the restrictive clause is void, because it contradicts and defeats the grant." In *Tyler* v. *Moore*, 42 Pa. St. 376, Mr. Justice Strong, delivering the opinion of the court, says: "The purpose of the *habendum* is to define precisely the extent of the interest granted. It may lessen, enlarge, explain or qualify the interest described in the premises, but it must not be totally repugnant to it. * * * Still it is true, that, if the *habendum* be absolutely repugnant to the premises, if it cannot be reconciled with them so that full effect can be given to both, it must give way, and the premises must stand. Thus, if there be a grant to one and his heirs, *habendum* to him for life, there is an irreconcilable contradiction, for it

cannot be an estate for life, and at the same time an estate in fee simple; either the word 'heirs' in the premises must be stricken out, or effect must be denied to the habendum." (*Flagg.* v. *Eames*, 40 Vt. 23; *Nightingale* v. *Hidden*, 7 R. I. 118; *Walters* v. *Breden*, 70 Pa. St. 237).

If the rule of construction thus announced be applied to the language of the first clause in the will of Robert J. Drayton, it will appear that there is a clear repugnance or irreconcilable contradiction between the granting clause and the qualifying clause, or, in other words, between the premises and the *habendum.* When the real estate is given to Mrs. Drayton, her "heirs and assigns," and she thereby takes a fee simple title, it would be a violation of the above rule of construction to hold that the qualifying words in the clause limited and reduced her title to a mere life estate. Her estate could not be an estate in fee simple, and, at the same time, an estate for life. The two interests are contradictory of each other; and, therefore, the qualifying clause, which seeks to give her a mere life estate, must give way, and the clause, giving her a fee simple title, must stand. It follows that the first clause of the will must be construed as though the words: "to have and to hold the said real estate to my said wife, Mary Ann Drayton, her lifetime," were left out; and the whole of the first clause must be construed as giving to her a fee simple title in the real estate.

It is claimed, however, that the rule thus announced, to the effect that the *habendum* clause must give way when it is repugnant to the granting clause, applies only to deeds, and not to wills, which is undoubtedly true as a general rule. It is said that wills must be so construed as to effectuate the intention of the testator, and, that, by the first clause of the will, Robert J. Drayton's evident intention was to give his wife only a life estate. There is much force in this suggestion, but, under the doctrine laid down in *Wolfer* v. *Hemmer*, *supra*, it cannot prevail. Section 13 of the Illinois act in regard to conveyances

provides as follows: "Every estate in lands, which shall be granted, conveyed, or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed, or devised by construction or operation of law."

It will be observed that section 13, by the use of the word, "devised," was intended to apply to estates passing by wills, as well as to estates passing by deeds. That section was construed in *Wolfer* v. *Hemmer, supra.* It was there held, that the court can only inquire whether an estate less than the fee is limited by express words, or granted, conveyed, or devised by construction or operation of law, where words theretofore necessary to transfer an estate of inheritance are not used. Where an estate is devised to A without the use of the words, "heirs and assigns," A will take a fee simple estate of inheritance, unless the will or instrument of conveyance reduces the estate to an estate less than a fee by express words, or by construction or operation of law. But, as was held in *Wolfer* v. *Hemmer, supra,* where the essential words to pass an estate of inheritance, such as "his" or "her heirs and assigns," are used, the above section has no application. So, here, if the words of the first clause of the will of Robert J. Drayton had been: "I give and bequeath to my dear wife, Mary Ann Drayton, all my real estate," etc., she would, by those words standing alone, and unaccompanied by the words, "her heirs and assigns," have taken a fee simple title; but such title, where the words expressing a gift to her alone and not to her and her heirs, are followed by the words, "to have and to hold the said real estate to my said wife, Mary Ann Drayton, her lifetime," would be reduced to a less estate, to-wit, a life estate. But, inasmuch as words of inheritance are here used, a less estate is not limited by the qualifying words. In other words, the right to look to qualifying words in

wills or conveyances with a view of determining whether a less estate than a fee was intended to be passed, depends upon whether·the grant or devise is to A alone, or to A, his heirs and assigns; in the former case, the estate may be limited by express words, or by construction, but, in the latter case, such limitation cannot be shown.

The rule, as above announced, furnishes a proper explanation of many of the cases, which seem otherwise to be in conflict.   Thus, in *Ducker* v. *Burnham*, 146 Ill. 9, the devise was to the wife, Jennette Ducker, without the use of the words, "her heirs and assigns," and there the interest, upon a construction of all the language of the will, was held to be a mere life estate, and not an estate in fee, although the granting words to Jennette Ducker, considered by themselves and without being construed in connection with the balance of the will, would have given her a fee simple title.

It being settled then, that the interest, taken by Mary Ann Drayton by the first clause of Robert J. Drayton's will, was a fee simple title, the further question arises, whether the three children of the testator took any interest in the real estate under the third clause of the will. That clause provides as follows:  "At my wife's death, I hereby direct my executors below named to have my property, real and personal—I mean what is left at my wife's death—divided equally, and share and share alike, between my three children," etc.   It is clear that, inasmuch as the widow took a fee simple estate by the first clause, the estate over sought to be given to the children by the third clause, was void as being inconsistent with the gift in the first clause.   The devise of an estate in fee carries with it the power of alienation; and "when the first devisee has the absolute right to dispose of the property in his own unlimited discretion, and not a mere power of appointment among certain specified persons or classes, an estate over is void, as being inconsistent with· the first gift." (*Wolfer* v. *Hemmer, supra*).  In 4 Kent's

Com. p. 270, the author says: "If, therefore, there be an absolute power of disposition given by the will to the first taker, * * * the remainder over * * * is void as a remainder because of the preceding fee; it is void by way of executory devise, because the limitation is inconsistent with the absolute estate or power of disposition expressly given, or necessarily implied by the will. A valid executory devise cannot subsist under an absolute power of disposition in the first taker." (*Wolfer v. Hemmer, supra*).

So, here, the remainder over to the children, attempted to be given by the third clause of the will, was void, because, by the first clause, the preceding fee had been given to the widow, Mrs. Drayton; and as the fee simple title, which had been given to her, included and involved the absolute power of disposition, the remainder in the third clause was void by way of executory devise. The limitation in the third clause is inconsistent with the power of disposition necessarily implied in the devise granted in the first clause. Of course, where the preceding gift or devise is not of the fee, but of the life estate, or of such a fee without the use of the word "heirs" as may be construed, by looking into the balance of the will, to be reduced to a life estate, the power of disposition may exist in the first taker, and a remainder may be limited after the termination of the life estate. (*In re Estate of Cashman*, 134 Ill. 88; *Kaufman v. Breckinridge*, 117 id. 305).

In other words, the power of disposition in the first taker depends upon the nature of his estate, whether it is expressly or by construction a life estate, or whether it is a fee simple title granted by words of inheritance, and involving expressly or impliedly the absolute power of disposition. In *Welsch v. Belleville Savings Bank*, 94 Ill. 191, the distinction here indicated is noticed and pointed out; we there said (p. 203): "We fully recognize the doctrine, that, where by the terms of the will there is given to one an unlimited power of selling or otherwise dispos-

ing of an estate in such manner as the devisee may think fit, a limitation over is inoperative and void by reason of its repugnance to the principal devise. * * * But this doctrine has no application to a case where a life estate has been given to the first taker in express terms. Redfield, in his work on Wills, expressly lays it down, that 'a power of sale attached to a life estate will not have the effect to enlarge it into a fee.'" The same doctrine was announced in *Walker* v. *Pritchard*, 121 Ill. 221; *Ducker* v. *Burnham, supra; Henderson* v. *Blackburn*, 104 Ill. 227; *Hamlin* v. *United States Express Co.* 107 id. 443; *Skinner* v. *McDowell*, 169 id. 365.

It is true that the will of Robert J. Drayton did not expressly confer upon Mrs. Drayton, the first taker, the power of selling or otherwise disposing of the estate as she might see fit, but such power was involved in the fee simple title granted to her. If the estate granted to her had been a life estate, the power of disposition vested in her, so far as it was exercised before her death, would not have prevented the remainder in the property then undisposed of from passing to the children under the third clause of the will. Indeed, in such case, the interests of the children would have been vested remainders, subject to the life estate of the widow, and subject to her power of disposition, and would have so vested at the death of the testator. But no such remainders vested, or could vest in this case, by reason of the fact that the widow took under the first clause the fee simple title granted by words of inheritance, that is to say, granted or devised to her and her heirs.

For the reasons above stated, we are of the opinion that the circuit court correctly construed the will as vesting the title in fee simple in Mary Ann Drayton, and properly dismissed the bill. Accordingly, the decree of the circuit court is affirmed.            *Decree affirmed.*

CARTWRIGHT, C. J., and WILKIN, J., dissenting.