## MARY GRUENEWALD

### *v.*

### PETER NEU.

*Opinion filed April 17, 1905.*

1. WILLS—*when devisee does not take a fee simple estate.* A devise in words adequate to create a fee simple estate but without the use of words of inheritance, such as "heirs and assigns," will not pass a fee simple estate if the same is reduced by express words, necessary construction or operation of law to a less estate.

2. SAME—*will construed as reducing fee to life estate.* A will devising a fee simple estate to the husband of the testatrix, but without words of inheritance, and providing that if any of the estate remains undisposed of at the husband's death it shall be divided among certain classes of beneficiaries, passes a life estate to the husband with power to dispose of the fee, but with remainder, to the classes designated, in property undisposed of at the husband's death.

3. SAME—*term "legal representatives" construed as used in will.* A will devising a remainder in property undisposed of by the life tenant at his death, to "my own legal heirs and representatives and my said husband's legal representatives," will include the person named as principal devisee and as executrix of the husband's will, but will not include an heir-at-law of the husband not mentioned in his will.

4. ESTOPPEL—*when party is estopped to assert title as against purchaser at partition sale.* A party to a partition suit who accepts three-fourths of the proceeds of the sale as the share decreed to her is estopped, as against the purchaser, to afterward assert an alleged title to one-half the property, upon the theory that she owned only one-fourth of the land at the time of the sale but has since purchased title to one-half from a third party.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

This is a writ of error, sued out to reverse a decree of the St. Clair county circuit court in favor of defendant in error. The action is partition brought by plaintiff in error against defendant in error.

The facts are substantially as follows: Theresia Thiem was the owner in fee simple of lots 42 and 43 in Bissell & Pensoneau's addition to Belleville. She died testate on the 18th day of April, 1880, and left the following will which was duly admitted to probate, to-wit:

*"In the name of God, Amen.*—I, Theresia Thiem, of Belleville, St. Clair county, State of Illinois, being of sound mind and memory, though weak in body, do hereby make and publish this my last will and testament, as follows, to-wit:

*"First*—My funeral expenses and whatever of just debts, if any, I may have at the time of my death shall be paid.

*"Second*—I give and bequeath to my beloved husband, John Thiem, all the residue of my estate, both real and personal, that I may die possessed (of), to use the same as to him may seem best, and to sell all the real estate or any part thereof as he may desire, and execute valid and binding conveyances therefor. If, at the time of the death of my said husband, John Thiem, any part of said real estate or personal estate may not have been used or expended by him, it is my wish and desire that such remaining real and personal estate shall be equally divided between my own legal heirs and representatives, and my said husband's legal representatives, provided, however, that out of the whole of such remaining estate the sum of $50.00 shall first be paid to the trustees of the St. Agnes Orphan Asylum of Belleville, Illinois, for the use of said orphan asylum.

*"Lastly*—I appoint my beloved husband, John Thiem, executor of this my last will and testament."

John Thiem died testate on the 23d day of June, 1898, and left a will which was duly admitted to probate, and is as follows:

"I, John Thiem, of the city of Belleville, county of St. Clair and State of Illinois, being now of sound and disposing mind and memory, do make, ordain, publish and declare this my last will and testament: First, I give and bequeath to Mary Jane, my adopted daughter, the sum of one dollar. Second, I give and bequeath to John Fiedler the sum of fifty dollars. Third, I give and bequeath to Miss Mary Gruenewald, the niece of my deceased wife, Theresia, who has carefully nursed and cared for me in my declining years, all the rest and residue of my real and personal property, and I hereby appoint her to be executrix of this will, and direct that no bond be required of her as such executrix. In witness whereof, I have hereunto set my hand and seal at the city of Belleville this 29th day of May, A. D. 1898.'"

One Anna Keim, a sister of the plaintiff in error, and the plaintiff in error, were nieces of Theresia Thiem, and her only heirs-at-law, and John G. Fiedler was a nephew of John Thiem, and his only heir-at-law. Anna Keim in September, 1898, filed her bill in the St. Clair circuit court in partition against the plaintiff in error and certain legatees to partition the land in question between the said heirs of Theresia Thiem, upon the theory that, inasmuch as John Thiem had not "used or expended" the land, his devise of the same to the plaintiff in error was void and inoperative except as to one-half thereof, which went to her as the legal. representative of John Thiem under the will of Theresia Thiem. That bill set out that Anna Keim was entitled to one-fourth of the said land as one of the two heirs of Theresia Thiem; that the plaintiff in error was entitled to one-fourth thereof in the same capacity, and entitled to one-half as the legal representative of John Thiem. To this bill Mary Gruenewald, plaintiff in error, filed her answer, in which, among other things, "she denies that the said complainant,

Anna Keim, has any interest whatever in the said real estate, and alleges that she, the said respondent, is legally entitled to the whole of the same." The circuit court entered a decree of partition in accordance with the prayer of the bill, and found that Anna Keim, the complainant, was the owner of one-fourth, and Mary Gruenewald, the plaintiff in error, was the owner of one-fourth of the land as set out in the bill, as heirs of Theresia Thiem, and that plaintiff in error was entitled to the other one-half as the legal representative of John Thiem. The master sold the land under the decree to Peter Neu, the defendant in error, and the sale was duly approved and the proceeds were duly distributed, one-fourth to Anna Keim, and three-fourths to Mary Gruenewald, the plaintiff in error.

After all this was done, the plaintiff in error purchased from John G. Fiedler all his supposed interest in the land in question for the sum of $50.00, and took his deed for the same, and placed it of record.

Plaintiff in error then brought this suit against Peter Neu, the defendant in error and purchaser in the former partition suit, to partition the land between them, claiming that John G. Fiedler, as the heir-at-law of John Thiem, took by devise from Theresia Thiem one-half of the real estate in question, and that she, the plaintiff in error, as purchaser from Fiedler, was entitled to have the same set off to her. The defendant in error, Peter Neu, filed his answer to the bill, and also his cross-bill, setting up the partition proceedings and sale at which he purchased, and alleged that Fiedler never had any interest in or title to said real estate, and that his conveyance to Mary Gruenewald is a cloud upon the title to the same and should be canceled, and that Mary Gruenewald had accepted three-fourths of the proceeds of the sale to Neu. The cross-bill prays for an injunction to restrain Mary Gruenewald from conveying, or attempting to convey, said alleged interest in said aforesaid lots purchased from Fiedler, and for the cancellation of the deed from Fiedler to Mary

Gruenewald as a cloud upon his title. Mary Gruenewald demurred to the cross-bill, and the cause was heard upon the bill and answer, and the cross-bill and the demurrer thereto. The circuit court found and ordered "that the amended original bill of Mary Gruenewald be dismissed for want of equity, and that the complainant in the cross-bill have the relief prayed for; that the said deed of John G. Fiedler and Emma Fiedler to Mary Gruenewald, defendant in the cross-bill, be set aside and held for naught and canceled as a cloud on the title to said premises; and that the said Mary Gruenewald has no interest in and to the said real estate by said deed or otherwise, and she is hereby enjoined and restrained from conveying or attempting to convey an alleged or supposed interest in and to the said premises." The present writ of error is sued out for the purpose of reviewing the last named decree.

CHARLES W. THOMAS, for plaintiff in error.

WEBB & WEBB, for defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

In this case no evidence was taken, and the record presents no questions, except questions of law.

*First*—The will of Theresia Thiem gave to her husband, John Thiem, only a life estate in the land in controversy. A life estate may be created with power to dispose of the fee, and limit a remainder after the termination of the life estate. (*Kaufman* v. *Breckinridge,* 117 Ill. 305; *In re Estate of Cashman,* 134 id. 88). The first sentence of the second clause of the will is as follows: "I give and bequeath to my beloved husband, John Thiem, all the residue of my estate, both real and personal, that I may die possessed (of), to use the same as to him may seem best, and to sell all the real estate or any part thereof as he may desire, and execute valid and binding

conveyances therefor." This provision, standing by itself, undoubtedly devised to John Thiem a fee simple title to the property. It will be noticed, however, that the devise is to John Thiem alone, and not to John Thiem and "his heirs and assigns." Where an estate is devised without the use of words of inheritance, such as "heirs and assigns," the devisee will take a fee simple estate of inheritance unless the will or instrument of conveyance reduces the estate to an estate less than a fee by express words, or by construction, or by operation of law. (*Wolfer* v. *Hemmer,* 144 Ill. 554; *Saeger* v. *Bode,* 181 id. 514; *Becker* v. *Becker,* 206 id. 53). Section 13 of the Conveyance act provides that "every estate in lands, which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." In *Wolfer* v. *Hemmer,* *supra,* it was held that the court can only inquire whether an estate less than the fee is limited by express words or granted, conveyed or devised by construction or operation of law, where words theretofore necessary to transfer an estate of inheritance are not used. Under this thirteenth section of the Conveyance act the first sentence of the second clause of the will of Theresia Thiem is sufficient to invest John Thiem with an absolute estate in fee, and it must be held that he took such an estate, unless the subsequent clauses of the will show a contrary intention. The intention of the testator, which must govern, is to be ascertained from the whole will. (*Giles* v. *Anslow,* 128 Ill. 187). If the subsequent part of the will shows an intention to give John Thiem merely a life estate, he will be held to have taken such an estate notwith-standing the words in the first sentence of the second clause, standing by themselves, may have vested him with an abso-lute estate in fee. (*Giles* v. *Anslow, supra; Saeger* v. *Bode, supra*). It is quite clear that a less estate than a fee simple

estate of inheritance appears to have been devised under a proper construction of the subsequent part of the will of Theresia Thiem.

In the second sentence of the second clause of the will it is provided that, "if, at the time of the death of my said husband, John Thiem, any part of said real estate or personal estate may not have been used or expended by him, it is my wish and desire that such remaining real and personal estate shall be equally divided between my own legal heirs and representatives, and my said husband's legal representatives," etc. It is conceded that lots 42 and 43, here in controversy, were not "used or expended" by John Thiem in his lifetime. Inasmuch as these lots remained unsold or unexpended by him at the time of his death, they were to be divided between the legal heirs and representatives of the testatrix and her husband's legal representatives. The provision, requiring that, at the death of the husband, all the real estate then remaining should be divided between the persons named is inconsistent with the vesting of an absolute fee simple estate in John Thiem. If the estate was unsold or undisposed of at the time of his death, there was a remainder over to the persons named, and his estate was cut down from a fee simple title to a mere life estate. (*Saeger* v. *Bode, supra; Dickson* v. *New York Biscuit Co.* 211 Ill. 468; *Metzen* v. *Schopp,* 202 id. 275, and cases referred to on p. 284; *Smith* v. *Kimbell,* 153 id. 368; *Turner* v. *Hause,* 199 id. 464).

It follows that, when John Thiem died, his interest in the property, which was merely a life estate, ended, and no interest in said real estate passed under his will to the parties therein named, or passed by law to his heir or heirs.

*Second*—Inasmuch as, after the expiration of the life estate of John Thiem, there was a remainder over, under the terms of the will of Theresia Thiem, to her legal heirs and representatives and his legal representatives, the question arises, who were the legal heirs and representatives of Theresia Thiem, and who were the legal representatives of

her husband. The language is: "my own legal heirs and representatives and my said husband's legal representatives." The legal heirs and representatives of Theresia Thiem were her two nieces, Anna Keim and the plaintiff in error, Mary Gruenewald, the children of a deceased brother of Theresia Thiem. Plaintiff in error and Anna Keim took an undivided half of the property in question, and, under the decree in the partition proceeding instituted by Anna Keim, she and plaintiff in error, Mary Gruenewald, were held to be the owners each of an undivided one-fourth part of the property devised to the legal heirs and representatives of Theresia Thiem.

Mary Gruenewald, the plaintiff in error, was appointed executrix of the estate of John Thiem under the will of the latter. As such executrix she was held, by the decree in the partition suit begun by Anna Keim, to be "the legal representative" of John Thiem, within the meaning of that term, as used in the will of Theresia Thiem, and was therein held to be the owner, as such representative, of the undivided one-half of the property in question as devised by the will of Theresia Thiem to the "legal representatives" of John Thiem. In other words, the decree in the partition suit, begun by Anna Keim, found her to be the owner of one-fourth of the property, and the plaintiff in error to be the owner of three-fourths thereof. Under that partition decree a sale was made, and the defendant in error, John Neu, bought the property for the sum of $2000.00 and paid the money into court. Of this sum of $2000.00, being the proceeds of the partition sale, Anna Keim took one-fourth, and the plaintiff in error accepted three-fourths.

The master's sale under the partition decree in the suit, begun by Anna Keim, disposed of the half of the property, devised by the will of Theresia Thiem to the "legal representatives" of John Thiem, as being owned by the plaintiff in error, Mary Gruenewald. She accepted and appropriated to herself $1000.00 of the proceeds of the sale to the defendant in error. It is conceded that John Fiedler was the nephew

and only heir-at-law of John Thiem. John Fiedler was not a party to the partition suit, begun by Anna Keim. Since the making of the master's sale to the defendant in error, the plaintiff in error has purchased the title of John Fiedler for the sum of $50.00. Plaintiff in error, now claiming that John Fiedler was the only "legal representative" of John Thiem, being his nephew and heir-at-law, holds a deed from him, and brings this partition suit against the defendant in error, and claims to be the owner of the undivided half of the property, alleged to have been devised to John Fiedler as the legal representative of his uncle, John Thiem.

We are of the opinion that John Fiedler took no interest in the property as the "legal representative" of John Thiem, and, therefore, that the deed from him to the plaintiff in error was properly set aside as a cloud upon the title of the defendant in error.

A material question in the case relates to the meaning of the term "legal representatives," as used in the will of Theresia Thiem. Undoubtedly, the primary and ordinary meaning of the term, "legal representatives," is executors and administrators. (18 Am. & Eng. Ency. of Law,— 2d ed.—p. 813). If this be regarded as its meaning, then the plaintiff in error, being the executrix of the will of John Thiem, was, as such, his "legal representative." The view, taken by the court which rendered the decree in the partition suit begun by Anna Keim, was that plaintiff in error, being the executrix of the will of John Thiem, was his legal representative. Upon this theory the partition decree in that suit held her to be the owner of an undivided half of the property.

But while "the term, 'legal representatives,' in its strict and literal acceptation, means executors or administrators, * * * it is frequently used in a different sense, even in statutes, as well as in wills, deeds, contracts, etc.; and it is, therefore, held that the question of intention is to be considered in its construction, and that this is not to be gathered solely from the instrument itself, but, in part, from concomi-

tant circumstances and the existing state of things, and the relative situation of the parties to be affected by it." (*Bowman* v. *Long,* 89 Ill. 19). "The terms, 'legal representatives,' * * * are often used in statutes and instruments of writing in a broader sense, so as to include all persons, who stand in place of, and represent, the interest of another, either by his act or by operation of law." (18 Am. & Eng. Ency. of Law, —2d ed.—pp. 814, 815). Whether the terms "legal representatives," etc., "ought to be taken in their primary sense of executors and administrators, or in their more enlarged sense as including heirs, distributees, assigns, etc., is a question of intention, and is to be determined by the ordinary rules of interpretation of written instruments, having due regard to the context, subject matter," etc. (18 Am. & Eng. Ency. of Law,—2d ed.—pp. 816-820).

The term, "legal representatives," has frequently been held to include the heirs-at-law where the context, subject matter or other circumstances showed that such was the sense in which it was used. But the term "legal representatives" has also been held to include devisees. (18 Am. & Eng. Ency. of Law,—2d ed.—p. 817; *Bowman* v. *Long,* 89 Ill. 19; *Davis* v. *Davis,* 26 Cal. 37; *Grand Gulf Railroad Co.* v. *Bryan,* 8 Smed. & Mar. 275; *Stook's Appeal,* 20 Pa. St. 349; *Duncan* v. *Walker,* 1 Yeates, 216; *Bissell* v. *Beckwith,* 32 Conn. 509; *Joss* v. *Mohn,* 55 N. J. L. 407). By the terms of the will of John Thiem, after giving two small legacies, he gave to the plaintiff in error, Mary Gruenewald, the niece of his deceased wife, "all the rest and residue of my real and personal property," and appointed her to be executrix of his will. It thus appears that, by the will of John Thiem, the plaintiff in error was made devisee of all the rest and residue of his real property. As such devisee, as well as executrix of the will, she was a "legal representative" of John Thiem, and, therefore, comes within the meaning of the will of Theresia Thiem, which devised one-half of the property in question to the "legal representatives" of her husband,

John Thiem. If, therefore, the plaintiff in error did not take the interest, devised to the "legal representatives" of John Thiem, as executrix of the latter's will, she took it as devisee under such will; and she was made a legal representative by that will so as to be embraced within the meaning of that term, as used in Theresia Thiem's will. It is true that John Thiem at his death had no interest whatever in these lots, but he made the plaintiff in error his sole devisee as to all the residue of his real and personal property. It is equally true that Fiedler, although sole legal heir of John Thiem, took no interest as such heir in this property, and is not made a devisee by his uncle's will, as was plaintiff in error. The decree entered in the partition suit was correct in holding Anna Keim and the plaintiff in error to be the owners of the whole of the property in question. This being so, the defendant in error, the purchaser at the master's sale, obtained a good title.

In addition to this, however, the plaintiff in error is now estopped from claiming that the defendant in error only purchased the undivided half of the property owned by Anna Keim and plaintiff in error, and that he did not purchase the whole of the property. The plaintiff in error, having received half of the proceeds of the sale as the owner of the interest she now claims to have purchased from John Fiedler, insists that she still owns that half of the property, the proceeds of the sale of which she accepted, and thereby appropriated $1000.00 of the money of defendant in error. She is estopped from insisting that she did not own all the property at the time of the sale, and that she has since become the owner of an undivided half of it by purchase from John Fiedler.

In *Jeffers v. Jeffers,* 139 Ill. 368, where nine children filed their bill for partition of the land of their deceased father against four grandchildren, and therein claimed each a tenth part and conceded the right of the defendants to the remaining tenth part, all parties and the court treating the case as though the defendants were entitled to one-tenth of

the estate, and afterwards the complainants attempted to deny the right of the defendants to take anything, it was held that the complainants, by their own bill and proceedings under it, established the rights of the defendants to a share in the lands, and could not thereafter be allowed to question the defendants' rights under the will; and in that case we said: "Complainants, by their own bill and proceedings under it, have established the rights of defendants which they now attempt to defeat. This, clearly, they cannot do."

In *Borders* v. *Hodges,* 154 Ill. 498, where there was a void sale of land by an administratrix, we said (p. 506) : "There is no evidence in this record that the complainants, (who were the heirs,) ever accepted or received the money paid to the county treasurer. Had they done so with full knowledge of their rights and the consequences of their act, they would have been estopped from asserting title inconsistent with it." It is true that the rule of *caveat emptor* applies in judicial sales, and it cannot be said that, at the partition sale, there was any warranty of the title on the part of the plaintiff in error, which would make the alleged title, subsequently acquired by her from John Fiedler, inure to the benefit of the defendant in error as purchaser at the judicial sale, but, nevertheless, the plaintiff in error is estopped from claiming that the sale to the defendant in error was void as to the title to one-half of the property, when she herself accepted and appropriated to her own use the proceeds derived from the sale of such half, and has never offered to return such proceeds. A court of equity will not permit her to claim the sale to be invalid as against the defendant in error, when she herself reaped the benefit of it by accepting the money paid by defendant in error and realized from such sale.

We are of the opinion that the decree of the court below in denying the prayer of the original bill and granting the prayer of the cross-bill was correct, and the same is accordingly affirmed.　　　　　　　　　　*Decree affirmed.*