## Robert B. Wallace v. Lana Bozarth.

1. LIFE ESTATE—*when passes by will.* Held, under the particular provisions of the will involved in this cause, that a life estate and not an estate in fee passed to the first taker.

2. PROPOSITIONS OF LAW—*essential to review finding of court.* A question of law not raised by rulings upon the evidence and not covered by any propositions of law presented, cannot be urged on review as ground for reversal.

Action of assumpsit. Error to the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed February 2, 1906.

WILLIAM A. CRAWLEY, for plaintiff in error.

JOHN A. BELLATTI and GEORGE W. GOVERT, for defendant in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Samuel Poole died on the twenty-sixth day of July, 1901, leaving a will, the residuary clause of which is brought into dispute in this proceeding and is in the words and figures, to wit: "All the rest and residue of my property, real and personal or mixed, wheresoever situated, which I now own or may hereafter acquire and of which I shall die seized, or possessed, I give, devise and bequeath absolutely and in fee simple to my wife, Samantha Poole, for life; after her death to be equally divided between my three heirs, William B. Poole, Mary Vannier and Lana Bozarth." In his will he appointed Samantha Poole, his wife, executrix. He left only three children surviving him, being the three heirs named in the above residuary clause.

Samantha Poole in October, 1902, through the assistance of plaintiff in error, her son by a former marriage, distributed $10,000 of the funds belonging to the estate of Samuel Poole, deceased, as follows: She gave to said Robert B. Wallace $2,000 in cash, and, through him, to each of three other children (said three other children as well as the said Robert B. being her children by a former marriage) she

sent a draft for $2,000 and had deposited to her own credit the same sum.

In April, 1903, and just a day or two before the death of Samantha Poole, plaintiff in error claims that said Samantha directed a distribution from the funds of the estate of Samuel Poole, deceased, as follows: $2,000 to said Robert B. Wallace, $1,000 to his wife, for her kindly care bestowed upon his mother, and $1,000 to defray the expense of caring for the grave of his deceased brother, $2,000 to each of his brothers, Richard Wallace and Warren Wallace, and $2,000 to his sister, Armenia Funk.

Defendant in error brought suit in the Morgan County Circuit Court against said Robert B. Wallace in assumpsit upon the common counts to recover from him her one-third of said moneys so distributed, claiming that they were unjustly and wrongfully distributed from the estate of her father, and that said Robert B. Wallace, by reason of his connection with such distribution, was liable to her in assumpsit for her portion or share of said moneys.

Whether or not said Samantha Poole had any right at all to dispose of the funds of the estate of Samuel Poole, depends upon the construction of the section of the will above quoted. Plaintiff in error, Robert B. Wallace, contends that said clause gave to his mother the estate in fee simple and that the words in said will qualifying or limiting her estate to one for life are inoperative and of no force. This construction of the language in the will we cannot adopt. The law seems to be well settled in our state that if an estate is devised to a person without the use of the words "heirs and assigns," the devisees will take in fee simple, unless the estate is limited by express words in a subsequent part of the will, or by construction or operation of law, but where the words express a gift to the devisee alone, and not to her heirs and assigns, and are then followed by words which limit her estate to life, then the estate conveyed or devised would be reduced accordingly. King v. King, 215 Ill. 100; Gruenewald v. Neu, 215 Ill. 132; Lambe v. Drayton, 182 Ill. 110.

Under the authorities the words employed by the devisor in the paragraph above quoted do not convey to the wife an absolute estate in fee simple, since the devise was not to Samantha Poole, her heirs and assigns, nor to her without limitation. This clause clearly gives to the widow, Samantha Poole, a life estate only.

The trial court in our judgment committed no error in holding that the funds so disposed of as above were the property of the three heirs of Samuel Poole, deceased, named in said will, nor in holding plaintiff in error liable therefor.

This case was tried before the court without a jury, and upon such hearing the trial court was clearly warranted in finding from the evidence that plaintiff in error distributed the moneys involved *after the death of his mother.*

From the holding hereinbefore made, that the estate of Samantha Poole, created by the will of Samuel Poole, was that of a life estate only, it must follow that *immediately* upon her death the property became the property of the persons named in the will of Samuel Poole, and that plaintiff in error wrongfully dealt therewith in attempting to divide it among the children of his mother.

Counsel for plaintiff in error have argued (for the first time in this court as we view the record), that plaintiff in error cannot be held liable in this form of action for the sums turned over by him, for the reason that in his dealings with that part of the estate he did not convert the same to his own use, but dealt with checks and drafts under directions he had previously received from his mother. Upon this contention we think there was sufficient evidence to warrant the trial court in finding that plaintiff in error, in his attempt to dispose of such property, not only dealt with it wrongfully, but treated said checks and certificates as cash; that there was evidence in the case strongly tending to show that the checks and certificates were not in the same form when plaintiff in error received them from his mother as when he delivered them; that at the time of her death there were blanks, either in the amounts, names of

payees or endorsements which he, from the evidence, may well be presumed to have filled. He, by that means, made them the same as cash in his hands.

Furthermore, upon a careful review of the record we are constrained to hold that plaintiff in error is not in position to insist upon that proposition; that by his conduct, during the trial in the Circuit Court and also in this court, he has waived his right to a ruling upon that point. There was no proposition of law submitted to the trial court that called for an explicit ruling upon that question. Eight separate propositions of law were submitted by plaintiff in error upon the trial, and in none of them is the question raised that the checks, drafts, etc., which plaintiff in error used or handled after his mother's death could not be treated in this case the same as cash.

The trial court in its judgment found that plaintiff in error had himself received from the funds of Samuel Poole's estate the sum of $4,000, and had also received $1,000 with which to care for the grave of a deceased brother, and had turned over to his brothers, Warren Wallace and R. M. Wallace, the sum of $2,000 each, also to his sister, Mrs. Funk, the sum of $2,000, and to his wife the sum of $1,000, which he had wrongfully turned over to them after the death of his mother, making a total of $12,000 for which he should be held responsible to those named in Samuel Poole's will.

The court allowed a credit of $122.28 for funeral expenses of the mother, which (deducting such expenses) left a balance of $11,877.72, to which under said will defendant in error was entitled to one-third, viz: $3,959.24.

The judgment for that sum is, in our judgment, right, and is affirmed.

*Affirmed.*