185    261
e209    232
e209    235

## GUSTAV A. KOEFFLER

### *v.*

### CHARLES A. KOEFFLER, Jr. *et al.*

*Opinion filed April 17, 1900.*

WILLS—*will construed as passing a determinable fee with the power of alienation.* A devise to the testator's son as "principal heir," which provides that he shall not come into possession until his twenty-fifth year, and further, that in case he dies without surviving issue after arriving at such age the property shall go to the testator's brother or his heirs, but that the son may dispose of the property after his twenty-fifth year, passes a determinable fee to the son, who may convey a fee title to a purchaser after reaching twenty-five, but in default of such conveyance or of issue surviving the son the fee will vest in the testator's brother or his heirs.

APPEAL from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

This was a proceeding instituted in the circuit court of Cook county by Gustav Adolph Koeffler to obtain a construction of the will of Gustav A. Koeffler, deceased,

the father of the petitioner. The will was written by the testator himself, and was as follows:

### "MY LAST WILL.

"I, the undersigned, am an American citizen. My estate is situated, besides a small portion thereof here, partly in Chicago, in the State of Illinois, partly in Milwaukee, in the State of Wisconsin, and I therefore wish that all precautions be taken that this document shall safely come into the possession of the proper authorities in Milwaukee.

"My dispositions are as follows: After my death my natural son, Gustav Adolph Koeffler, born on the 24th day of January, 1862, at Chicago, by Maria Ann Mayer, (now still living there,) and who has been educated by me, shall be my principal heir. Further, there shall be paid to my house-keeper, Mathilde Heinemann, of Geisa, ten thousand mark (mr. 10,000) in acknowledgment of her faithfulness and services, and immolating, loving nursing during my long illness; she is also yet to receive all of her wages since the first of October, 1874, at ten florins per month, and these sums shall be paid out of my estate here as far as the same may suffice, and the rest shall be paid (covered) by Gustav's guardian in Milwaukee.

"As guardian of my son, Gustav, I nominate my brother Carl August Koeffler, in Milwaukee, and as manager of my affairs here, Mr. Retired Col. Christian Weber, here.

"Believing that my son, Gustav, on arriving at his legal majority,—his twenty-first year of age,—will not be sufficiently able to thoroughly manage the estate to be inherited by him, I direct that he shall not come into possession of the same until his twenty-fifth year of age, to-wit, on the 24th of January, 1887, and my brother Carl shall up to that time have and discharge all the rights and duties of a guardian. Should my son, Gustav, die before his twenty-fifth year of age my brother Carl or his heirs shall be the heirs of my son, respectively of me; and the mother of my son, or her heirs, shall not be considered (or appear) as heirs of my estate. Should my son die later,—that is, after his twenty-fifth year of age,—without issue him surviving, then, too, the original estate, as on the 24th of January, 1887, it was and came into the possession of my son shall go over to my brother Carl August, or his heirs; but (moreover) it shall not be possible in any manner to hinder my son Gustav in the free disposition of his estate (vermoegen) after his twenty-fifth year of age.

"After my death my son, Gustav, shall, after everything here shall have been arranged, go forthwith to Milwaukee to his guardian. My son shall be allowed to keep those articles which have been particularly dear to me here and to dispose of the same at pleasure; all of the rest shall be sold. Prior wills by me made shall be hereby revoked.

"For the purpose of providing for the maintenance of my grave, there shall be paid by the guardian to the firm of August Weber & Co. the sum of one hundred mark per year up to and including the year 1887; later it shall be left to the piety of my son or his heirs to do something for this purpose. Should I die in Germany outside of Wiesbaden, I still wish to be buried in Wiesbaden.

"Should my brother Carl die before the expiration of the term of guardianship, his son Carl shall be entrusted with the guardianship of my son.

"I believe to comply with the requirements of the American laws if I request the signature of two witnesses in attestation of my signature. For this purpose I have requested Messrs. August Weber and his brother-in-law, Dr. Louis Cavet, to attach their signatures to the document.

"The foregoing testament has been written by me in my own hand.

"Done at Wiesbaden the 8th of January, 1879.

　　　　　　　　　　　　　　　　GUSTAV A. KOEFFLER.

"Present at the time of signing were August Weber, Dr. Louis Cavet."

It appears that the petitioner had executed a certain agreement with Bermann Subert, Charles Subert and Max Subert for the sale and conveyance of said premises, which sale has not yet been consummated. Petitioner makes said parties, and all whom it may concern, defendants, and prays that they may be summoned, and that a decree may be entered establishing and confirming the title to said land in the petitioner, and for other relief.

On the hearing the court, among other things, decreed as follows: "It is therefore ordered, adjudged and decreed by the court that the title of said petitioner, Gustav A. Koeffler, in and to the said premises, be and the same is hereby established and confirmed as a fee deter-

minable upon his death without issue him surviving, with full power and authority, nevertheless, to sell and convey not merely his fee determinable, but a good and indefeasible title and estate in fee simple absolute, by virtue of the provisions of the will of said Gustavus A. Koeffler, deceased, all, however, subject to the rights of said Bermann Subert, Charles Subert and Max Subert under their agreement aforesaid, and without obligation on the part of the said Bermann, Charles and Max Subert, or either of them, their heirs, representatives, executors or assigns, to see to the application of the purchase money."

LACKNER, BUTZ & MILLER, for appellant.

SIDNEY C. EASTMAN, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

As has been seen, the circuit court decreed "that the title of said petitioner, Gustav A. Koeffler, in and to the said premises, be and the same is hereby established and confirmed as a fee determinable upon his death without issue him surviving, with full power and authority, nevertheless, to sell and convey. not merely his fee determinable, but a good and indefeasible title and estate in fee simple absolute, by virtue of the provisions of the will of said Gustavus A. Koeffler, deceased." And it is insisted that the decree is erroneous because the court failed to decree that petitioner took, under the will, an absolute title in fee simple to the premises. The title involved depends upon a construction of the will, and in the construction of a will the important question always is to determine the intention of the testator, and that intention, when ascertained, should control, unless inconsistent with the established rules of law. The intention of the testator is to be determined from the language of the will, but every clause and provision should, if possible, be given effect. Adhering to the rule indicated, what was the intention of the testator?

Disregarding mere technicalities, and viewing the will as one written by a business man without the aid of legal assistance, it is apparent, when all the provisions of the will are considered and given proper weight, the testator desired, first, that his son, the petitioner herein, should be the principal heir or beneficiary of his estate, but not to receive it until twenty-five years of age; second, the testator did not desire that his son's mother should inherit the estate from the son; third, in the event that the son died without issue the testator desired that the estate should go to his brother or his heirs; fourth, the son is given the right to sell the property, if he desires. In brief, the foregoing is what the testator desired, and unless the rules of law stand in the way, the intention of the testator as declared in his will should be carried out.

It is, however, claimed in the argument that the testator devised an estate in fee simple to his son, and that the devise over to the testator's brother or his heirs in case the son died without issue him surviving is void, and that the clause containing a devise over should be rejected in the construction of the will. We think the will can be construed and the intention of the testator carried out without rejecting any one of its provisions; and when that can be done the settled rules of law require such a construction. As has been seen, in the first clause of the will the testator declares, "after my death my natural son, Gustav Adolph Koeffler, * * * shall be my principal heir." By this language the testator no doubt intended that his son should inherit his property, but the language of the devise is silent in regard to what kind of estate should be vested in the son as his heir. That was left to be settled by the succeeding provisions of the will, which declared: "Should my son, Gustav, die before his twenty-fifth year of age, my brother Carl or his heirs shall be the heirs of my son, respectively of me; and the mother of my son, or her heirs, shall not be considered (or appear) as heirs of my estate. Should my son

die later,—that is, after his twenty-fifth year of age,— without issue him surviving, then, too, the original estate, as on the 24th of January, 1887, it was and came into the possession of my son, shall go over to my brother Carl August, or his heirs." Then follows a clause giving the son power of disposition of the estate after he arrives at the age of twenty-five. The language thus used shows plainly that the testator did not intend to vest in his son an absolute fee simple title to the property, because if he had given him a fee simple, upon the death of the son the estate would have gone to the heirs of the son, whoever they might be. But such a disposition of the property is absolutely prohibited, as the will declares upon the death of the son without issue then the estate shall go to the brother of the testator. The estate devised, as we understand the language of the will, cannot be held to be an estate in fee simple absolute, but it is what is denominated an estate in fee determinable.

The devise over to his brother or his heirs limits the estate to a base or determinable fee, and brings this case within the rule laid down in *Friedman* v. *Steiner*, 107 Ill. 125. In that case the words of the will were as follows: "I give and bequeath all the rest and residue of my said estate unto my beloved wife, Rebecca Steiner, and unto her heirs and assigns forever, to the total exclusion of any and all person or persons whatsoever: *Provided, however*, upon the express condition hereby made by me, in case the said Rebecca Steiner, after my decease, shall die intestate and without leaving her surviving lawful issue, that then and in such event all the rest and residue of my said estate so bequeathed and devised unto her shall at once be converted into money by my executor, and the said money shall be paid over as follows, namely," etc. In giving a construction to the language of the will it was among other things said (p. 130): "The estate of Mrs. Steiner cannot properly be said to be merely a life estate with power to dispose of the fee by will, for by

the terms of the will the lands granted to her may, at her death, be inherited in fee simple absolute by heirs of her body. An estate held for the life of the tenant can never be inherited by heirs of the life tenant. Nor does Mrs. Steiner hold an estate in fee simple, for it is (by the will) in no event to descend to her collateral heirs, as a fee simple might. The limitation of the inheritance to the surviving heirs of her body excludes the idea of an estate in fee simple. We recognize the rule of law that 'conditions that are repugnant to the estate to which they are annexed are absolutely void,' yet in the construction of a will we must consider all the words of the will, including all provisos and conditions, for the purpose of ascertaining what estate the testator intended to confer by the granting words of the will; and, weighing the words of the proviso, we think they do qualify the granting words, and do show that the testator did not intend to confer upon his wife a fee simple absolute in this property. Kent says: 'Fee simple is a pure inheritance, clear of any qualification or condition, and it gives the right of succession to all the heirs generally.' And again: 'It is an estate of perpetuity, and confers an unlimited power of alienation.' Such an estate, we think, was here granted to Mrs. Steiner, except in so far as the same is qualified by the words of the proviso, and we think the words of the proviso do qualify the estate granted and reduce it below that of a fee simple estate; but this reduction below a fee simple absolute extends no farther than the express words of the proviso declare or necessarily imply. One of the qualities of a fee simple estate is the power to convey a fee simple estate to another, or, in the language of Kent, it 'confers unlimited power of alienation.' We find nothing in the words of the proviso to impair this unlimited power of alienation given by the granting words of the will. The words of the grant are so cogent that we cannot doubt that it was the intention of the donor to give to her, throughout her

life, a dominion over this property as full and as complete as if he had granted the same to her in fee simple absolute, without condition, limitation, restriction or qualification, and also had given her the power of disposition by will, and it was clearly the intention of the testator to give her an estate which might descend to her surviving lawful issue, and thereby become in them an estate in fee simple absolute. We have no doubt about the power of Mrs. Steiner to pass to a purchaser from her a fee simple absolute in the lands of the estate, subject, of course, to the charges imposed upon this property by the earlier provisions of the will. Under this will we think the interest of Mrs. Steiner in the lands of the estate of her deceased husband is not an estate in fee simple, but is 'an estate in fee determinable,' which estate may be perpetual, or may be determined by the death of Mrs. Steiner intestate, without surviving lawful issue and without previous alienation of the land by her, and, in that contingency, limited over to the beneficiaries mentioned in the proviso in item 13 of the will. (See 4 Kent's Com. p. 8, *et seq.*) One of the peculiarities of a 'fee determinable' is, that it may become a fee simple absolute upon the happening of any event which renders impossible the event or combination of events upon which such estate is to end."

The rule of interpretation in the case of *Friedman* v. *Steiner, supra,* was recognized in the case of *Lombard* v. *Witbeck,* 173 Ill. 396. It was there said, (p. 406,) after reciting the language of the will in *Friedman* v. *Steiner:* "This was held to convey to Rebecca Steiner a determinable fee. In *Summers* v. *Smith,* 127 Ill. 645, it was again held that a will containing a bequest, 'to my youngest son, Westley Clark Smith, to have and to hold to my said son and his heirs forever,' followed by the condition, 'in case any of my sons to whom I have bequeathed property in this my last will and testament should die without heirs of his body, the real estate I have bequeathed to

him shall go to his surviving brothers or brother and the personalty to all the other heirs equally,' vested in the son, Westley Clark Smith, a fee determinable. To the same effect is *Strain* v. *Sweeny*, 163 Ill. 603, and *Smith* v. *Kimbell*, 153 id. 368."

This rule of interpretation has, in effect, become a rule of property in this State, and in the will under consideration it must be held that the title of the son, Gustav Adolph Koeffler, is a fee determinable, which he can convey and make absolute in the purchaser, but upon his death without issue him surviving, the title to all the estate not disposed of would pass to the heirs of his deceased uncle, Carl August Koeffler.

The decree of the circuit court will be affirmed.

*Decree affirmed.*