# JOHN H. MARKILLIE

*v.*

# GEORGE W. RAGLAND.

1. CONSTRUCTION OF WILLS—*rule of.* In construing wills, the true intention of the testator is sought for and enforced, but the whole instrument must be considered in ascertaining the meaning of the various parts; otherwise, in many cases, the intention of the testator would be defeated, rather than effectuated.

2. WILL—*devise construed to give* a *life estate with unlimited power of alienation.* Where a testator, in his will, provided that his wife "shall take, at my decease, my whole estate, real and personal, in form as it may be, and manage the same at discretion, and deal with the same as though she were entire and sole owner; that she pay all my debts, and all proper charges against my estate, out of the same, in such manner as she may deem expedient, without any sale of the same, except such as she may, in her discretion, voluntarily make, and that such possession, and entire control and disposal, continue to and in her during her natural life;" and by a subsequent clause, "it is my will that, at the death of my wife, whatever may remain of my estate, real and personal, shall descend to my heirs, according to law, except that in the case of the second marriage of my said wife, upon the happening of that event, it is my will that she be put upon her dower of one-third, and that the fee and ownership of my said estate, real and personal, vest in the said heirs, subject to said dower interest:" *Held,* that the widow took a life estate in the estate of the testator, liable to be defeated by her marriage, with a power to sell the same, or any part thereof, at her uncontrolled discretion, and thus pass an absolute fee to the purchaser; and that a purchaser of a part of the real estate, in good faith, she never having married, took the title in fee as against the heirs after the widow's death.

3. SAME—*devise, when of the fee.* Where a testator devises real estate to his widow, and declares that she may manage the same at discretion, and deal with the same as though she were entire and sole owner thereof, she will take a fee simple title.

4. SAME—*where debts are made a charge.* Where a testator devises property to his widow, to use and deal with as she pleases, and, in the same connection, uses the following language: "that she pay all my debts, and all proper charges against my estate, *out of the same,* in such manner as she may deem expedient," etc., she will take subject to the payment of the testator's debts, and the charges against his estate, which will be a charge upon the estate devised.

APPEAL from the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

This was a petition, filed by George W. Ragland, one of the heirs at law of Benjamin Ragland, Sr., deceased, against John H. Markillie, for the partition of certain real estate. The material facts of the case are presented in the opinion of the court.

Mr. H. CASE, Messrs. KNAPP & RIGGS, and Mr. J. G. HENDERSON, for the appellant.

Messrs. DUMMER & BROWN, and Mr. WM. W. BERRY, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This case depends upon the proper construction to be given to the last will of Benjamin Ragland, Sr. The controversy grows out of the second and third clauses of the will, which are these:

"*Second*—It is my will that my wife, Susan Ragland, shall take, at my decease, my whole estate, real and personal, in form as it may be, and manage the same at discretion, and deal with the same as though she were entire and sole owner; that she pay all my debts, and all proper charges against my estate, out of the same, in such manner as she may deem expedient, without any sale of the same, except such as she may, in her discretion, voluntarily make, and that such possession, and entire control and disposal, continue to and in her during her natural life.

"*Third*—It is my will that, at the decease of my wife, whatever may remain of my estate, real and personal, shall descend to my heirs, according to law, except that in the case of the second marriage of my said wife, upon the happening of that event, it is my will that she be put upon her dower of one-third, and that the fee and ownership of my said estate,

real and personal, vest in the said heirs, subject to said dower interest."

After testator's death, the will was probated. Letters testamentary were granted to the widow and John Hanback, who were named as executors in the will. Subsequently, all of testator's debts were paid, and the widow sold various pieces of the land, which adjoined the town of Winchester, to different persons. In some of these conveyances the heirs joined, and in others they subsequently released, for a nominal consideration, to the grantees. She finally sold the remainder of the tract to appellant, on the 21st of March, 1861, for the sum of $810, which appears then to have been its value. In confirmation of this sale, a portion of the heirs of testator united in releasing to appellant, but appellee did not, and claims the fee in an undivided share of the property sold to appellant.

After the death of his mother, appellee filed his petition for partition in the court below. On a hearing in the court below, the court found he was so entitled to thirty-one one-hundredths of the land, and appellants to sixty-seven one-hundredths, and two other of the heirs were entitled each to an one-hundredth. Commissioners were appointed to make partition of the land, but reported that it was impracticable, and the court thereupon decreed its sale and a partition of the money in the same proportions. From that decree this appeal is prosecuted.

There seems to be no diversity of opinion that, in construing wills, the true intention of the testator is sought, and, when ascertained, that intention must be enforced. Whilst all agree that this is the rule, it is obvious, from the haste in which such instruments are frequently prepared—the fact that they are often written by persons wholly unacquainted with the technical language of the law, and frequently by persons who have an imperfect understanding of the use of language, and unaccustomed to prepare such instruments—that it is frequently a matter of no small difficulty to ascertain that

meaning; but it is a rule, that the whole instrument must be considered, in ascertaining the meaning of its various parts; otherwise, in many cases, the intention of the testator would be defeated, rather than effectuated.

If we were, in this case, only to consider the first clause of the devise, we would be compelled to conclude that a fee simple passed to the widow. It declares that it is his will that his wife shall take all of his estate, real and personal, at his death, in form as it may then be, and that she should manage the same at discretion, and deal with the same as though she were entire and sole owner thereof. Had the devise stopped here, we apprehend no one would contend that a fee did not pass. The language imports absolute dominion over the property, as full and complete as technical language would have implied in the conveyance of a fee; but to this devise there are several important limitations. The first is, that his debts, and all proper charges against his estate, should be paid out of the same, in such manner as his wife might deem expedient, without any sale of the same, except such as she may, in her discretion, voluntarily make. Here, we see the devise is burthened with this limitation, that she takes subject to the payment of his debts and charges against his estate. Hence, it is not an indefeasible fee that is devised. This limitation still leaves the property as her own sole and entire ownership, to deal with and manage at her discretion, but subject to the limitation that his debts, and the charges against his estate, are charged against this property. The clause then declares that such possession, and entire control and disposal, shall continue to and in her during her natural life. This language might, if not followed by other explanatory words, limit the interest to simply the use of the property for life; but that, even then, does not exclude the power of sale that is impliedly given by the previous portion of the clause. Had there been nothing further, we would strongly incline to hold that testator had devised to his wife a life estate, with power to sell.

But the first part of the next clause seems to remove all doubt. He there declares it to be his will that whatever may remain of his estate, real and personal, at the death of his wife, should descend to his heirs, according to law. Had he not intended that his wife should have power to sell his real estate, why speak of what should remain of it at his wife's death? He had provided no other mode of selling it, except by his wife, after his death; and, as his debts were inconsiderable, he could not have supposed it would, in any event, be necessary to have real estate sold under a decree of court for their payment. He, we think, clearly intended that his wife should have the unlimited, discretionary power to sell any or all of his property, whether personal or real. He, manifestly, intended to place his property at her disposal, as a guaranty against want in her feeble health and declining years; otherwise, he would have given her but a life estate. That he had the necessary intelligence to have done so, we think, is manifest from the manner in which he imposed the limitation on the estate in the event of her marriage. He, in that event, limits her estate to her dower in the property, and takes all control of it from her, and gives it to his children; but that contingency never having occurred, the previous grant of power remained unaffected.

From a careful consideration of all of the different parts of this will, we have no hesitation in saying that we entertain no doubt that the will devised to Susan Ragland a life estate in this property, with a power to sell the same, or any part thereof, at her uncontrolled discretion, and thus pass an absolute fee to the purchaser; and appellant having become a purchaser in good faith, and without fraud, he must be held to have acquired the title in fee to the premises in controversy, and is entitled to be protected in his title. This being the nature of his title, the court below erred in decreeing that appellee was the owner of any portion of the premises, or any interest therein, and in ordering a partition of the same.

The decree of the court below is reversed, and the petition is dismissed.                                *Decree reversed.*