PAULINE FRIEDMAN

*v.*

REBECCA STEINER *et al.*

*Filed at Ottawa May 10, 1883.*

1.  WILL—*of the estate devised—a determinable fee.*  A testator, after making certain bequests, devised the residue of his estate to his wife, "and unto her heirs and assigns forever, to the total exclusion of any and all person or persons whatsoever," but upon the express condition that in case the wife, after his decease, should die intestate, and without leaving her surviving lawful issue, then all the rest and residue of the estate so bequeathed to the wife should be converted into money, and paid over by his executors, as follows:  To A B, $5000, C D, $1000, etc.:  *Held,* that the estate of the wife in the realty was not a mere life estate, with power to dispose of the fee by will, as that could not be inherited, nor was it an estate in fee simple, as it can not descend to her heirs generally, but to the heirs of her body, but that her estate was an estate in fee determinable, which may be perpetual, or may be determined by her death intestate, without lawful issue, or previous alienation of the land.

2. Under such devise the determinable fee granted to the wife may be changed into a fee simple absolute, either by the sale and conveyance of the land by her in fee simple, or by her death leaving a will granting the land to a devisee, or by her death leaving lawful issue.

3. SAME—*qualities of a fee determinable.* One of the peculiarities of a "fee determinable" is, that it may become a fee simple absolute upon the happening of any event which renders impossible the contingency upon which such estate is to end.

4. SAME—*construction—condition repugnant to estate given.* · While conditions repugnant to the estate granted to which they are annexed are absolutely void, yet in the construction of a will the court must consider all the words of the will, including all provisos and conditions, for the purpose of ascertaining what estate the testator intended to confer by the qualifying words of the will.

APPEAL from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Leopold Mayer and Henry Steiner owned the real estate in question as tenants in common, each owning in fee simple one undivided half thereof. On December 22, 1879, Henry Steiner died, leaving a will, which was . duly proven and admitted to probate, and letters testamentary issued to his executors. By his will the testator charged his property with various legacies, and the residuum of his estate he devised as follows:

"Item 13. I give and bequeath all the rest and residue of my said estate, real, personal and mixed, of which I shall die seized, possessed or entitled to, unto my beloved wife, Rebecca Steiner, and unto her heirs and assigns forever, *to the total exclusion of any and all person or persons whatsoever: Provided, however, upon the express condition* hereby made by me, in case the said Rebecca Steiner, after my decease, shall *die intestate,* and *without* leaving her surviving *lawful issue,*     *     *     * that *then,* and in such event, *all the rest and residue* of my said estate so bequeathed and devised unto her     *     *     * shall at once be converted into money" by my executor, "and the said money shall be paid over     *     *     * as fol-

lows, namely:   Unto the said Pauline Friedman the further sum of $5000," unto Henrietta Goldvogel $1000, and to Goles Steiner $3000, and to Yetta Kahn $1000, "and any and all the rest or residue of said money shall be divided up in equal shares, and paid as follows, to-wit:   One-third part of said money to the trustees or board of directors of the said United Hebrew Relief Association of Chicago," and one-third part to the Jewish Hospital of Chicago, and one-third part thereof to the Jewish Orphan Asylum, in Cleveland.

This is a suit in chancery, brought by Mayer, the conceded owner in fee simple of one undivided half of the real estate, against the widow, executors, devisees, heirs and legatees of Henry Steiner, deceased, for partition.

By the decree of the circuit court ordering partition, it is declared that Henry Steiner devised unto Rebecca Steiner, "in fee simple," the undivided one-half of the real estate in question, with "no limitation" upon her "right to sell and convey the fee" of the same, and to receive full consideration therefor, and that the proviso in the will relates to, and is to operate upon, whatever property may remain in her at the time of her death, and it was adjudged and decreed that she is entitled to one-half of said premises in fee simple, etc. From this decree Pauline Friedman appeals.

Mr. EUGENE E. PRUSSING, for the appellant:

It is conceded that the estate in the realty devised is not a vested remainder, because it depends upon a contingency which may not happen, nor yet is it a contingent remainder, as, according to the strict rules of the common law, a fee can not be limited upon a fee, on the ground of repugnancy. 2 Blackstone's Com. *173; 1 Jarman on Wills, *810; 4 Kent's Com. *131.

Counsel insists that the language of this will creates an executory devise.   4 Kent's Com. *264.

"If there be an absolute power of disposition given by will to the first taker, the remainder over is void as a remainder because of the preceding fee, and it is void by way of executory devise because the limitation is inconsistent with the absolute estate or power of disposition expressly given, or necessarily implied, by the will." 4 Kent's Com. *270.

While the second limitation is inconsistent with the first, yet both may stand together by giving the wife a life estate, with power to destroy the limitation over by appointment in her will,—that is, only a life estate, and not a fee, vests in the wife; and while, under this construction, nothing would remain in her to be willed, yet it is well established that such a devisee for life can will the whole estate by way of appointment,—the power may be conferred upon her in the will. (*Funk* v. *Eggleston,* 92 Ill. 515.) There being only a life estate, she could not by deed transfer the fee, and thus destroy the limitation over in a way not provided for in the will.

One of the necessary elements of an executory devise is, that it can not be destroyed by the person holding the first estate. It is indestructible. 4 Kent's Com. 270.

Not so with a contingent remainder. If Rebecca Steiner can convey the fee to these premises, as found by the circuit court, then she can destroy this executory devise in a way not provided for in the will.

Messrs. ROSENTHAL & PENCE, for the appellees:

We concede that the true method of interpreting a will is the ascertainment of the intention of the testator, when not contrary to some established principle of law. The devise of the residuary estate is a fee simple, not only by virtue of the technical words used, but by the further words, "to the total exclusion of any and all person or persons whatsoever." This clearly shows an intention to give the residue of his estate to the wife. *Meredith* v. *Heneage,* 1 Sim. 551.

Conditions that are repugnant to the estate to which they are annexed are absolutely void.  1 Jarman on Wills, 810; 4 Kent's Com. *131, 270; 1 Greenleaf's Cruise, 702, *203; Coke on Littleton, secs. 360, 223 a; *Gleason* v. *Fayerweather*, 4 Gray, 348; *Blackstone* v. *Davis*, 21 Pick. 42; *Ide* v. *Ide*, 5 Mass. 500; *Jackson* v. *Bull*, 10 Johns. 19; *Jackson* v. *Delaney*, 13 id. 537; *Jackson* v. *Robins*, 16 id. 537; *Burbank* v. *Whitney*, 24 Pick. 146; *Karker's Appeal*, 60 Pa. St. 141; *Attorney General* v. *Hall*, Fitzg. 314; *Holmes* v. *Godson*, 8 De G., McN. & G. 156; *Gulliver* v. *Vaux*, id. 166; *Clayton* v. *Lowe*, 5 Barn. & Ald. 636.

The estate limited to Rebecca Steiner is a fee, and the estate limited over after the death of Rebecca Steiner intestate, without issue, is a fee, and hence they are repugnant and void.  A fee can not be mounted upon a fee, for if the whole estate be granted to the first taker, nothing remains in the testator to grant by way of remainder.  The second estate is repugnant to the first, and both can not stand together.

If an estate tail is created by the use of such language, as, dying without issue, then the remainder over is held void on the ground of a perpetuity, for all the issue of the first taker may not die during the life or lives in being and twenty-one years afterward, and hence as an executory devise it could not operate, but would be held void on the ground of public policy to prevent perpetuities.  *Patterson* v. *Ellis*, 11 Wend. 278; *Bells* v. *Gillespie*, 5 Rand. 273; 4 Kent's Com. 271-276; 2 Jarman on Wills, 301, 418.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The controversy in this case relates solely to the nature and extent of the estate taken, or to be taken, by the respective parties under the will of Henry Steiner, deceased.  The decree of the circuit court adjudged that Mrs. Steiner is seized of an estate in *fee simple* to the undivided half of the lands in question; that she has full power to dispose of the

same by deed or by will, and that the appellant, and others mentioned in the proviso in item 13 of the will, can have no vested interest in the property, unless Mrs. Steiner should, while still holding the property, die intestate, without lawful issue her surviving.

Appellant insists that "the words of the proviso constitute an executory devise, and, as such, limits the estate granted to Mrs. Steiner to a life estate, with power of appointment by will, and that in default of such appointment, the fee, or. the proceeds thereof, should go to the parties mentioned in the proviso," she (appellant) to receive $5000, and that Mrs. Steiner "can not, by deed, transfer the fee and destroy the limitation over in a way not provided in the will." On the other hand, it is claimed for appellees that the granting words in the will confer upon her a fee simple title, and that the condition contained in the proviso is repugnant to the estate to which it is annexed, and therefore absolutely void.

We can not approve the position taken by either of the parties. The estate of Mrs. Steiner can not properly be said to be merely a life estate, with power to dispose of the fee by will, for, by the terms of the will, the lands granted to her may, at her death, be inherited, in fee simple absolute, by heirs of her body. An estate held for the life of the tenant can *never* be inherited by heirs of the life tenant. Nor does Mrs. Steiner hold an estate in fee simple, for it is (by the will) in no event to descend to her collateral heirs, as a fee simple might. The limitation of the inheritance to the surviving heirs of her body excludes the idea of an estate in fee simple.

We recognize the rule of law that "conditions that are repugnant to *the estate* to which they are annexed are absolutely void," yet, in the construction of a will, we must consider all the words of the will, including all provisos and conditions, for the purpose of ascertaining what estate the testator intended to confer by the granting words of the will;

and, weighing the words of the proviso, we think they do qualify the granting words, and do show that the testator did not intend to confer upon his wife a fee simple absolute in this property. Kent says: "Fee simple is a pure inherit-ance, clear of any qualification or condition, and it gives the right of succession to *all the heirs generally.*" And again: "It is an estate of perpetuity, and confers an unlimited power of alienation." Such an estate, we think, was here granted to Mrs. Steiner, *except in so far* as the same is qualified by the words of the proviso, and we think the words of the pro-viso do qualify the estate granted, and reduce it below that of a fee simple estate; but this reduction below a fee simple absolute extends no farther than the express words of the proviso declare or necessarily imply. One of the qualities of a fee simple estate is the power to convey a fee simple estate to another, or, in the language of Kent, it "confers *unlimited* power of alienation." We find nothing in the words of the proviso to impair this unlimited power of alienation given by the granting words of the will. The words of the grant are so cogent that we can not doubt that it was the intention of the donor to give to her, throughout her life, a dominion over this property as full and as complete as if he had granted the same to her in fee simple absolute, without condition, limita-tion, restriction or qualification, and also had given her the power of disposition by will, and it was clearly the intention of the testator to give her an estate which might descend to her surviving lawful issue, and thereby become in them an estate in fee simple absolute. We have no doubt about the power of Mrs. Steiner to pass to a purchaser from her a fee simple absolute in the lands of the estate, subject, of course, to the charges imposed upon this property by the earlier pro-visions of the will. Under this will we think the interest of Mrs. Steiner in the lands of the estate of her deceased husband is not an estate in fee simple, but is "an estate in fee determinable," which estate may be perpetual, or may be

determined by the death of Mrs. Steiner intestate, without surviving lawful issue, and without previous alienation of the land by her, and, in that contingency, limited over to the beneficiaries mentioned in the proviso in item 13 of the will. See 4 Kent's Com. p. 8, *et seq.*

One of the peculiarities of a "fee determinable" is, that it may become a fee simple absolute upon the happening of any event which renders impossible the event or combination of events upon which such estate is to end.   An example given of such "determinable fee" is, "where an estate is granted to a man and his heirs until the marriage of B," and it is said : "If the event marked out as a boundary to the time of the continuance of the estate becomes impossible, (as, by the death of A before his marriage,) the estate *then ceases to be determinable,* and changes into *a simple* and *absolute fee ;* but until that time *the estate is in the grantee.*"   And it is added : "It is the uncertainty of the event, and the *possibility* that the fee *may last forever*, that renders the estate *a fee*, and not merely a freehold."

In addition to being invested with an estate in fee determinable, Mrs. Steiner is, by necessary implication from the words of the will, clothed with unlimited power of alienation of the property in fee simple absolute.   Under this will, as we understand it, the determinable fee granted to Mrs. Steiner may be perpetual, and the same may be changed into a fee simple absolute, either by the sale and conveyance of the land by Mrs. Steiner in fee simple, or by the death of Mrs. Steiner leaving a will granting the land to a devisee, or by her death leaving lawful issue her surviving.   On the other hand, the determinable fee held by her may end by her death intestate, and without lawful issue, while the estate is unchanged and remaining in her under the will; and, in such case, the estate given her being thus ended, the contingent or conditional limitation over to appellant and others will take effect, and not otherwise.   At present they have no

vested interest in the property. The general rule that the determinable quality of the estate follows the transfers where the owner of a determinable fee conveys in fee, applies where such grantor is merely the owner of a base fee, and has no power other than that incident to the ownership of such an estate; but in this case we hold that Mrs. Steiner not only takes a determinable fee, but is, by necessary implication, clothed with power to convey in fee simple absolute. Declining to exercise this power, she might, no doubt, convey to a grantee the determinable fee which she holds.

It was error in the circuit court to declare and adjudge that Mrs. Steiner's interest is that of an estate in fee simple. In all other respects the decree is approved. For the error indicated the decree is reversed, and the cause remanded, with directions to the circuit court to enter a decree conforming to the views herein expressed. In fact, it seems probable that the judge of the circuit court held substantially the same views here expressed, and that the error in the record resulted from a want of care in the drafting of the decree.

*Decree reversed.*