CAROLINE C. FORBES *et al.* Appellants, *vs.* CHESTER W. FORBES *et al.* Appellees.

*Opinion filed December 17, 1913—Rehearing denied Feb. 12, 1914.*

1. WILLS—*when rule in Shelley's case does not apply.* The rule in *Shelley's case* does not apply to a devise of land to the testator's daughter, to have and to hold "unto her and her heirs and assigns forever, in fee simple, subject only to the condition hereinafter set forth," as there is no estate of freehold devised, with a limitation, by way of remainder, to the heirs of the devisee.

2. SAME—*what language does not import an estate in fee simple.* A devise of land to the testator's daughter "in fee simple, subject only to the condition hereinafter set forth," does not import an estate in fee simple, which is a pure inheritance, clear of any qualification or condition, and must be given or granted generally, absolutely and simply.

3. SAME—*condition annexed to devise may be in separate paragraph of the will.* Where an estate is devised "subject to the condition hereinafter set forth," it is not material that the condition is contained in a subsequent paragraph separated from the paragraph making the devise by other provisions of the will.

4. SAME—*when a devise is of a fee upon condition.* A devise of land to the testator's daughter, to have and to hold "unto her and her heirs and assigns forever, in fee simple, subject to the condition hereinafter set forth," which condition is that in case of the death of the daughter without surviving issue the land shall go to the devisee's sister and her mother in fee simple, in equal

shares, or in case of the death of both the devisee and her sister without surviving issue the land shall go to the mother in fee simple, is a valid devise of an estate upon condition, and unless there is some further provision making it impossible to give effect to the testator's intention without violating some positive rule of law, the devise must be given effect.

5. SAME—*power of sale annexed to estate does not enlarge the estate.* A power to dispose of the fee annexed to an estate less than a fee simple does not enlarge the estate, and the addition of a power of sale to a life estate does not defeat a limitation over although nothing may be left at the end of the life estate.

6. SAME—*there must be something more than a fee simple devise to defeat limitation over.* The power to convey a fee simple is an ordinary incident of every fee simple estate, but there must be something more than a mere devise in fee simple to defeat a limitation over by way of executory devise; nor is it correct to say that this must always be by conferring a power in addition to the estate devised, but it must appear that the devisee may dispose of the estate devised in his uncontrolled discretion.

7. SAME—*effect of adding power of sale to an estate upon condition.* Where a will does not devise a fee simple estate but merely a fee, which will only become absolute when the happening of a specified condition becomes impossible and which is determinable upon the happening of the condition, the addition of a provision that nothing "herein contained" shall be construed to deprive the devisee of the power to sell and convey the land devised in fee simple merely confers a power over the estate, and if such power has not been exercised when the condition happens upon which the estate is to be determined, the limitation over takes effect. (*Williams* v. *Elliott,* 246 Ill. 548, and *Burton* v. *Gagnon,* 180 id. 345, explained.)

APPEAL from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

H. M. STEELY, and H. M. STEELY, JR., for appellants.

ROBERT F. PETTIBONE, for appellee Mary E. Goodwin.

O. A. McFARLAND, and A. P. McFARLAND, for appellees Julia Claypool and Chester W. Forbes.

JAMES A MEEKS, guardian *ad litem.*

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Thomas C. Forbes died on January 9, 1895, leaving a last will and testament dated June 22, 1891, to which a codicil dated March 16, 1892, was annexed, and the will, including the codicil, was admitted to probate. The controversy in this case relates to the estate taken by his daughter Cordelia K. Forbes under the second and tenth paragraphs of the will. The construction of the will contended for by the appellees was adopted by the chancellor in the circuit court of Vermilion county.

Thomas C. Forbes was twice married and had three children of the first marriage and two of the second. When the will was made the two sons of the first marriage had died leaving surviving children, and one daughter of that marriage was living and survived her father. The two children of the second marriage were Cordelia K. Forbes and Caroline C. Forbes, who were minors, and they and the widow survived the testator. The testator by his will disposed of a large estate, including many tracts of land, and by the first paragraph he gave to his wife several tracts in fee simple and personal property and $4000 in money. The second paragraph was as follows:

"*Second*—I hereby will and devise unto my daughter Cordelia K. Forbes, in fee simple, the following described tracts or parcels of land: (describing them.) The said Cordelia K. Forbes to have and to hold the said lands above described unto her, her heirs and assigns, in fee simple, subject only to the condition hereinafter set forth."

There was also a bequest of $2000 unconditionally. The third paragraph contained the following: "I hereby will and devise unto my daughter Caroline C. Forbes, in fee simple, the following described lands: (describing them.) The said Caroline C. Forbes to have and to hold all the above described lands unto her and her heirs and assigns

forever, in fee simple, subject only to the conditions here-
inafter written." There was also a bequest in this para-
graph of $2000, and a devise of two acres of land in fee
simple without the mention of any condition. The fourth,
fifth, sixth and seventh paragraphs contained devises or be-
quests to the testator's living daughter, Sarah Scott Davi-
son, and his grandchildren, children of the deceased sons,
without any condition. The eighth paragraph directed pay-
ment of legacies or bequests, and the ninth directed that
the rents and profits of the lands devised to the testator's
wife and the two children, Cordelia K. Forbes and Caro-
line C. Forbes, should be paid to his wife for the support
of herself and the two daughters until the daughters should
reach their lawful majority or marry, when they were to
become entitled to possession of the lands devised to them,
severally. The tenth paragraph was as follows:

"*Tenth*—In case of the death of either of my said
daughters, Cordelia K. Forbes or Caroline C. Forbes, with-
out issue of the body surviving, then the lands hereinbefore
devised to such deceased daughter shall descend to and vest
in my said wife and the survivor of said two daughters in
fee simple, in equal shares; and in case both of said daugh-
ters should die leaving no issue of their bodies surviving
them, then the lands hereinbefore devised to them, respec-
tively, shall descend and vest in my said wife, Mary E.
Forbes, in fee simple.

"Nothing herein contained shall be taken or construed
as depriving my said wife, Mary E. Forbes, and my said
daughters, Cordelia K. Forbes and Caroline C. Forbes, or
either of them, of the right and power to sell and convey
the lands devised to them, respectively, or any part thereof,
in fee simple."

Cordelia K. Forbes died intestate on May 11, 1911,
never having been married and leaving no child or descend-
ant. The appellants, Caroline C. Forbes and Mary E. Eng-
lish, the widow of the testator, filed their bill in this case

in the circuit court of Vermilion county for partition, alleging that Cordelia K. Forbes died seized of certain lands acquired by purchase, which descended to all her heirs, including the appellees, and that she took under the devise other lands, subject to the condition that if she died without issue of her body surviving, the lands should descend to and vest in fee simple in the appellants, her sister and mother. Answers were filed, claiming that Cordelia K. Forbes took title in fee simple to the lands devised to her and that they had descended to her heirs-at-law. The evidence was taken by a special master and reported. The chancellor construed the will as giving title in fee simple to Cordelia K. Forbes and the condition as repugnant to the estate granted and the attempted limitation over as void.

In support of the decree it is contended that the rule in *Shelley's case* applies and the devise to Cordelia K. Forbes was of a fee simple because it was to her and her heirs and assigns. The rule does not apply, because there was no estate of freehold devised to Cordelia K. Forbes with a limitation by way of remainder to her heirs. *Johnson* v. *Buck,* 220 Ill. 226.

The intention of the testator is not in doubt. He had been twice married and had two sets of children, and after providing for his wife the next two paragraphs of the will devised real estate to their two minor children, together with a bequest of money to each. In the devise to Cordelia K. Forbes he used the language, "in fee simple, subject only to the condition hereinafter set forth;" and in the devise to Caroline C. Forbes the language was, "in fee simple, subject only to the conditions hereinafter written." The testator then provided for the issue of the first marriage by devises and bequests to his living daughter and the children of the sons who had died. The tenth paragraph contained the condition mentioned in and annexed to the devises to the two daughters of the second marriage, and

it is immaterial that he separated the condition from the devises in a different paragraph. The condition is to have the same effect as if written in 'the paragraphs making the devises. That condition was, that in the case of the death of either devisee without surviving issue the lands devised to her should descend to and' vest in the survivor and the widow in fee simple, in equal shares, and in case of the death of both without surviving issue the lands should go to the widow in fee simple. Here was plainly manifested the intention to keep the lands devised to the children of the second marriage separate from the property given to the children and grandchildren, issue of the first marriage. Thus far the devises with limitations over were unquestionably valid, and the controversy is over the question whether the intention of the testator can be carried out or is to be frustrated and defeated by some positive rule of law. We are to determine in this case whether the devise to Cordelia K. Forbes, subject to the terms of the condition annexed to and incorporated in it, was in law subject to no condition because of a power given to her to sell and convey a fee. This depends upon the construction to be given to the devise, together with the provision that nothing contained in the will should be taken or construed as depriving the devisee of the right and power to sell and convey the lands in fee simple. The language of the devise did not import an estate in fee simple, which is a pure inheritance, clear of any qualifications or conditions, and must be given or granted generally, absolutely and simply. (2 Blackstone's Com. 104; 4 Kent's Com. 5.) If Cordelia K. Forbes did not have an estate in fee simple, such an estate did not descend to her heirs-at-law. The devise not being of a fee simple estate but of a fee subject to a condition, it could only be enlarged into a fee if the subsequent provision, that nothing contained in the will should deprive the devisee of the right and power to sell and con-

vey the lands in fee simple, had that effect. If the intention of the testator in that provision was merely to give the devisee power over the estate, the limitation over would not be defeated, since the power to dispose of the fee annexed to a lesser estate does not enlarge the estate. (*Walker v. Pritchard,* 121 Ill. 221; *Ducker v. Burnham,* 146 id. 9; *Griffiths v. Griffiths,* 198 id. 632; *Williams v. Elliott,* 246 id. 548.) This rule is illustrated by numerous cases where it has been held that a power of sale added to a life estate does not defeat a limitation over although nothing may be left at the termination of the life estate. (*Henderson v. Blackburn,* 104 Ill. 227; *Kirkpatrick v. Kirkpatrick,* 197 id. 144; *Bergman v. Arnhold,* 242 id. 218; *Powers v. Wells,* 244 id. 558; *Bevans v. Murray,* 251 id. 603; *Burke v. Burke,* 259 id. 262; 23 Ann. Cas. 424, note.) There is no logical ground upon which it can be held that a power to convey a fee does not enlarge a life estate into a fee but does have that effect upon some other estate less than a fee. The devises to Cordelia K. Forbes and Caroline C. Forbes not being of estates in fee simple but of estates subject to a condition, no absolute power of disposition, freed from the limitations over, can be implied from the language used. This is important in determining the meaning of the testator in the clause relating to the power to sell and convey in fee simple, which is expressed in the form of a limitation to something that has gone before. The testator did not mean that the executory devise should not deprive the devisee of a power to sell and convey in fee simple, which had been given, since no such power had previously been given, either expressly or by implication. Even if there had been a devise of a fee without condition, and nothing further, a limitation over by way of executory devise would have been valid. (*Ackless v. Seekright,* Breese, 76; *Friedman v. Steiner,* 107 Ill. 125; *Summers v. Smith,* 127 id. 645; *Ducker v. Burnham, supra; Bradsby v. Wallace,* 202

Ill. 239.) The power to convey a fee simple is an ordinary incident of every fee simple estate, but there must be something more than a mere devise in fee simple to defeat a limitation over by way of an executory devise. It is not correct to say that this must always be by conferring a power in addition to the estate devised, but it must appear expressly or by fair implication that the devisee may dispose of the estate devised in his uncontrolled discretion. Neither is it correct to say that in every case where there is a power to dispose of the fee subsequent limitations are defeated. In *Markillie* v. *Ragland,* 77 Ill. 98, *Friedman* v. *Steiner, supra, Hamlin* v. *United States Express Co.* 107 Ill. 443, and *Koeffler* v. *Koeffler,* 185 id. 261, there were devises which by their own terms, if not qualified by any subsequent provision, would have vested fee simple estates in the devisees, and in each one the devise was construed as subject to subsequent conditions or limitations, although in each case there was a power to dispose of the fee and vest in the purchaser a fee simple title. In *Markillie* v. *Ragland, supra,* the court said that if only the first clause of the devise were considered a fee simple passed to the widow, and if the devise had stopped there no one would contend that a fee did not pass, but that the fee was subject to several important limitations contained in the will. In *Friedman* v. *Steiner, supra,* the devise was to the testator's wife and unto her heirs and assigns forever, to the total exclusion of any and all person or persons whatsoever, but on account of subsequent conditions qualifying the devise it was held it did not give the wife a fee simple estate. The other cases cited are of the same character. In *Burton* v. *Gagnon,* 180 Ill. 345, the opinion of three judges rested on two grounds: First, that the attempt to engraft an executory devise or limitation over upon the fee was void; and second, that the remainder was barred by a decree in a partition suit. The fourth judge did not consent to the construction placed upon the will and his concurrence necessarily rested on the second

proposition, that the appellants were barred by the decree in the partition suit. In the case of *Williams* v. *Elliott, supra,* there was a devise in fee simple to the testator's niece, subject to no condition or limitation, but with a provision that if she should not dispose of the estate by will or otherwise and should die without issue, seized of the estate, it should go to others. That was not a case where there was a condition annexed to the devise making the estate devised less than a fee simple, but with a power to dispose of the fee. It was a case where the devisee could dispose of the estate devised to her in her own discretion, either by deed or will, and the decision is not authority for the proposition that a devisee having less than a fee simple estate, who can convey the fee by virtue of power, right or authority, becomes invested with the fee by virtue of such power. In this case the devise to Cordelia K. Forbes was not, in terms, of an estate in fee simple but of a fee subject to a condition, and which would be terminable upon the happening of the condition. The provision that nothing contained in the will should deprive her of the right and power to sell and convey the lands devised to her, or any part thereof, in fee simple, was intended by the testator to confer a power over the estate, and the power not being exercised, the limitation over took effect upon her death without surviving issue.

The decree is reversed and the cause is remanded to the circuit court, with directions to enter a decree finding the title to the lands devised to Cordelia K. Forbes, and not disposed of by her, to be in the appellants, in accordance with the views herein expressed.

*Reversed and remanded, with directions.*