(No. 10984.)

NANCY H. BRADLEY et al. Appellants, vs. LUCY JENKINS
et al. Appellees.

*Opinion filed December 21, 1916.*

WILLS—*when devisee takes life estate with power of alienation
instead of fee.* Where a testator who has no children devises all
his property to his wife, with full power to convey or dispose of
the same in any way she may see fit, and provides in the follow-
ing clause that what property, if any, remains undisposed of at his
wife's death shall go to his sisters, the wife takes only a life estate
with power of alienation, and if the life tenant does not exercise
the power of sale the sisters will take as remainder-men after the
termination of the life estate.

APPEAL from the Circuit Court of Williamson county;
the Hon. D. T. HARTWELL, Judge, presiding.

WILLIAM H. WARDER, for appellants.

NEELY, GALLIMORE, COOK & POTTER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of
Williamson county sustaining a demurrer to and dismissing
a bill in equity filed by appellants to construe the last will
and testament of Wilson Butts, deceased, and declare the
title to the real estate left by him to have been in his widow,
Margaret Lizzie Butts, in fee simple, and also that the will
gave her absolutely the personal property of the testator
after the payment of debts.

Wilson Butts, the testator, had no children.  He died
June 22, 1913, leaving surviving him his widow, Marga-
ret Lizzie Butts, also four sisters, they being his next of
kin.  The provisions of the will here in controversy are
as follows:

Par. 3.  "I give, devise and bequeath to my beloved wife,
Margaret Lizzie Butts, all of my property, including both

276 — 11

real · and personal, of every kind and character, which I may hereafter have, with full power to convey or dispose of the same in any way she may see fit.

Par. 4. "It is my will that what of property, if any, remains after the death of my beloved wife shall go to my four sisters, namely, Mrs. Lucy Jenkins, Mrs. Mary Cash, Mrs. Samantha Winters and Mrs. Susan Alexander, in equal parts, and should either of them die, the part of such one so dying to go to their respective children in equal parts."

After the payment of testator's debts there was some personal property of his estate left and also eighty acres of land. The widow took and retained possession of the personal property and the real estate until her death, intestate, March 21, 1915. She left no children, but left her mother, Nancy H. Bradley, as her sole heir. Letters of administration were granted on her estate to L. A. Colp, and the bill in this case was filed by the administrator and Nancy H. Bradley. Defendants to the bill, who were the sisters of Wilson Butts, demurred to the bill. The court in its decree construed the will to give Margaret Lizzie Butts a life estate, only, in the real and personal property, with power of sale, and a remainder over of all of said property not disposed of by the widow at her death, to the testator's sisters, and sustained the demurrer and dismissed the bill. Complainants have appealed from that decree.

Appellants contend that the will cannot be construed to give the widow a life estate because the words used by the testator give his widow not a life estate but a fee simple, and such being the case, the disposition over to his sisters cannot take effect as a remainder, because after giving the fee to the widow there remained nothing to pass by way of remainder; and also contend the gift over to his sisters cannot take effect as an executory devise, which may be limited after a fee by will, because such estate in the widow with absolute power of disposition is inconsistent with the

gift over. That the gift over could not be sustained as an executory devise is correct. (*Williams* v. *Elliott,* 246 Ill. 548.) Appellants' contention assumes the gift to the widow was a fee simple estate. While the words used in the third paragraph are sufficient to convey the fee, and this would be their effect if standing alone, when the third paragraph is construed in connection with the other provisions of the will it clearly appears testator only intended his widow to take a life estate. In construing wills all provisions and their relation to each other must be considered in order that the intention of the testator may be arrived at. *Boyd* v. *Strahan,* 36 Ill. 355; *Markillie* v. *Ragland,* 77 id. 98; *Jenks* v. *Jackson,* 127 id. 341; *Healy* v. *Eastlake,* 152 id. 424.

The will considered by the court in *Hamlin* v. *United States Express Co.* 107 Ill. 443, is in substance and effect the same as the will here under consideration. The devise was to the testator's widow for her own use and benefit, with full power to dispose of the property in any manner she might choose and to convey the real estate in fee simple. The will further provided that all the real estate not disposed of by the widow should after her death be sold and the proceeds distributed as directed in the will. The court held there could be no rational doubt that the testator intended to give his widow a life estate with power to dispose of it in fee, with remainder over to others mentioned in the will of any real estate not disposed of by the widow during her life. The court said it was not opposed to any rule of law to create a life estate with power to sell and convey and limit a remainder after its termination. In that case, as in the case before us, the testator had no children, and the court held it was the design and intent of the testator that his widow should have the use of his entire estate during her life with the privilege of selling and disposing of any part of it she desired, and if any was left at her death it should go to the objects of the testator's bounty standing next highest in his affections. If there were no other au-

thority, that case, unless overruled, would require an affirmance of the decree, but there are numerous other decisions in harmony with it in the Reports of our State, some of which are: *Lambe* v. *Drayton,* 182 Ill. 110; *Griffiths* v. *Griffiths,* 198 id. 632; *Gruenewald* v. *Neu,* 215 id. 132; *Walker* v. *Pritchard,* 121 id. 221. The weight of authority upon cases of this character is, that wills like the one before us give the first taker only a life estate with power of alienation, and if the life tenant does not exercise the power of sale, the persons designated by the will as remainder-men will take after the termination of the life estate. Page on Wills, sec. 576.

We think the decree is sustained by the authorities, and it is affirmed.                           *Decree affirmed.*