(No. 14407.—Decree affirmed.)

WILLIAM F. BOHN, Appellee, *vs.* IDA MAY IRVINGTON, Appellant.

*Opinion filed April 19, 1922.*

1. WILLS—*entire will must be considered to determine intention to devise fee.* A fee may be granted without the use of words of inheritance, and a devisee will take a devise in fee unless a less estate is subsequently limited by express words or by limitation of law, but in such case the instrument is to be so construed as to give effect to the intention of the testator as manifested by the language of the entire will.

2. SAME—*when devise with power of disposition does not create a fee.* A devise to his widow of all the testator's real estate remaining after the payment of legacies and debts, with power "to dispose of the same as she may choose, except by will," does not create a fee with an unrestricted power of disposition, and a subsequent clause devising to the testator's blood relatives all property not disposed of by the widow in her lifetime is not void for repugnancy.

3. SAME—*fee is not devised where power of disposition is limited—repugnancy.* Where a power of disposition in a devise is qualified or limited there is not necessarily a repugnancy between the clause creating such power and a later clause disposing of the property, as the fee is not devised where the power of disposition in the first taker is qualified or limited. (*Dalrymple* v. *Leach,* 192 Ill. 51, *Wolfer* v. *Hemmer,* 144 id. 554, and *Wilson* v. *Turner,* 164 id. 398, distinguished.)

4. SAME—*when creation of trust in executors does not indicate intention to devise fee to widow.* Where a testator has devised all the residue of his property to his wife, with power "to dispose of the same as she may choose, except by will," with a devise over of any property remaining undisposed of at her death, a subsequent clause giving all the property in trust to the executors, with power to sell the same to pay debts and legacies, provided that no real property shall be sold within two years after the testator's death, does not indicate that the widow shall take the real estate in fee, as such clause merely creates a power for the benefit of creditors and legatees.

APPEAL from the Circuit Court of Christian county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

HOGAN & REESE, for appellant.

MCBRIDE & VOGELSANG, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellee, William F. Bohn, filed his bill in the circuit court of Christian county for partition of certain real estate described therein, claiming an interest in the real estate under the will of Henry Clay Bohn, deceased. Appellant was not made a party to the bill but secured leave to interplead, and filed an answer averring that she was the legally adopted daughter of Henry Clay Bohn and Mary Francis Bohn; claiming to own the real estate involved in the bill by descent from Mary Francis Bohn, the widow of the testator, and denying that appellee or any of the blood relatives of the testator have any title or interest in the property, but that by the will of Henry Clay Bohn his widow was given the fee to the real estate in question, and that upon her death without having disposed of the same it descended to appellant as her adopted daughter. Appellant also filed a cross-bill, praying a construction of the will and for a decree holding that the real estate belonged to her. Appellee demurred to the cross-bill. The demurrer was sustained, and appellant having elected to stand by the cross-bill, a decree was entered dismissing the same and granting partition under the original bill. The chancellor held that by the will of Henry Clay Bohn his widow took a life estate, and that on her death the property passed to the blood relatives of the testator and that appellant had no right whatever in the premises. From that decree she has appealed.

The will of Henry Clay Bohn, after providing for the payment of debts and funeral expenses, reads as follows:

"*Second*—I give and bequeath to my adopted daughter, Ida May Bohn, (formerly Ida May Leadbetter,) the sum

of five ($5) dollars, which sum I intend to be all the said Ida May Bohn shall have out of my estate in any manner or form.

"*Third*—After the payment of my debts and expenses as aforesaid by my executor, I give and bequeath to my beloved wife, Mary Francis Bohn, all of the remainder of my property, both real and personal, to have and to hold the same for her own use and to dispose of the same as she may choose, except by will.

"*Fourth*—It is my further will that if at the time of the death of my said beloved wife, Mary Francis Bohn, there be left remaining and undisposed of, any of said estate or proceeds thereof, either personal or real, that it go and descend to my blood relations in the manner and proportions provided by law.

"*Fifth*—I give and devise all my real estate and personal property, of what nature or kind soever, to James P. King and Mary Francis Bohn, executors of this my last will and testament hereinafter nominated and appointed, in trust for the payment of my just debts and the legacies above specified, with power to sell and dispose of the same at public or private sale, at such time or times and upon such terms as to them shall seem best, provided, however, that no part of the real estate shall be sold at public auction or otherwise until after the expiration of two years from the time of my decease."

Appellant contends that by the third clause of the will the widow was given the absolute right to dispose of the property in any way in which she chose, and that this gave her the fee to the property, and the fee having been given by the third clause, the fourth clause was void for repugnancy; that the widow having taken the fee and having died without disposition of the real estate, the same descended to appellant as her adopted daughter. It appears that the widow made a will but did not include in it the real estate in question. The entire question in the case is

whether or not, under the third clause of the will, the widow was given the fee to said real estate.

It is the rule that a fee may be granted without the use of words of inheritance, and that the devisee will take a fee simple title where an estate is devised without words of inheritance unless a less estate is subsequently limited by express words or by limitation of law, but with such words the instrument is to be so construed as to give effect to the intention of the testator as manifested by the language of the entire instrument. (*Walker* v. *Pritchard,* 121 Ill. 221; *Powers* v. *Wells,* 244 id. 558.) It is contended on the part of appellee that the will in this case did limit a less estate, not only by clause 4 of the will, providing for the disposition of the property, if any, after the death of the widow, but by clause 3 itself. It will be noted that clause 3 gives to the widow both the real and personal property for her own use, with power to dispose of the same in any manner which she may choose, except by will. It cannot be said, therefore, that this was an unrestricted power of disposition. By excepting the right to dispose of the property by will the power of disposition is limited to the lifetime of the widow. This argues strongly that the testator intended that no such estate should be given her as would prevent the disposition of it after her death in the manner in which he, the testator, chose, provided she had not in her lifetime disposed of it.

It is a cardinal rule in the construction of wills that the intention of the testator, where not contrary to the law and where it may be determined from the language of the will, must govern. By the second clause of the will the testator bequeaths to appellant the sum of five dollars, using the language, "which sum I intend to be all the said Ida May Bohn shall have out of my estate in any manner or form." There is thus expressed the intention on the part of the testator that his adopted daughter should receive no part of the estate other than the five dollars men-

tioned. While appellant does not claim to take under the will but by descent from her foster-mother, that clause indicates an intention on the part of the testator that such remainder in his lands as his widow does not in her lifetime dispose of shall go to his blood relatives.

In support of the contention that the widow in this case took the fee, appellant has cited the cases of *Dalrymple* v. *Leach*, 192 Ill. 51, *Wolfer* v. *Hemmer*, 144 id. 554, and *Wilson* v. *Turner*, 164 id. 398. In the *Dalrymple case* the will was: "I give, devise and bequeath to my beloved wife two-thirds of all my property, real and personal." The fourth clause of the will provided that "if at my wife's death there is any property then in her possession or control, I desire one-half the same shall revert to my nephew, Frederick Dalrymple." The widow during her lifetime conveyed the real estate devised to her. The nephew, Frederick Dalrymple, died intestate, leaving a daughter and a widow, who sought to recover his interest in the real estate after the death of the testator's widow. It was there held that by the language of the devise to the widow the two-thirds devised to her passed absolutely, unless there was created by the precatory words of the fourth clause a trust for the benefit of the nephew. The rule cited in that case is, that words of entreaty will create a trust if the words, on the whole, are sufficiently imperative and if the subject matter is sufficiently certain, but that the precatory words there used did not come within the rule for the reason that they were not sufficiently certain as to subject matter. That case is to be distinguished from the case at bar, in that in the instant case the words used in the fourth clause of the will are a direct devise of an imperative character and are not precatory words. Nor is that case to be taken as contrary to the general rule that where the power of disposition in the first taker is a qualified or limited power there is not necessarily a repugnancy between the clause creating such power and a later clause disposing of the property. That

case expressly recognizes the rule that where the power of disposition in the first taker is qualified or limited the fee is not devised. The cases of *Wilson* v. *Turner* and *Wolfer* v. *Hemmer* are to be distinguished from the instant case in that the devises there gave an unconditional right of disposition, it there being held that where the first taker has by the terms of the will the absolute power to dispose of the property without restriction he must be considered the absolute owner and any limitation over is void for repugnancy. In the instant case the words "except by will," in the clause granting power of disposition, are inconsistent with a fee, and show an intention on the part of the testator to limit and restrict the disposition by the widow. Had the testator intended that his widow should have the fee no reason appears why he should have referred to the power of disposition, nor would there have been any limitation over, or had he intended that she should have absolute disposition of the property it would not have been limited by him to disposition by her during her lifetime.

In *Bradley* v. *Jenkins,* 276 Ill. 161, the clause of the will devising property to the wife of the testator used the language, "with full power to convey or dispose of the same in any way she may see fit." The will provided by a subsequent clause that all of the property, if any, remaining after the death of his wife should go to the testator's sisters. It was there held that while the words of devise to the widow were sufficient to convey the fee and that if such words stood alone a fee would have been devised, yet when construed in connection with the other provisions of the will it was clear that the testator only intended his widow to take a life estate. In *Gruenewald* v. *Neu,* 215 Ill. 132, a will in similar language was so construed.

In *Griffiths* v. *Griffiths,* 198 Ill. 632, the devise was to the wife by the fifth clause of the will, without any limitation in said clause. The sixth clause provided that after the death of the widow the estate should be divided among

the brothers of the testator, share and share alike, excepting such donations as his widow saw fit to make. In construing this will this court said: "It is a familiar rule that in the construction of wills every part of the instrument must be considered and effect given to the intention of the testator. To say that the intention of the deceased husband was to give his wife the absolute fee simple title to his real estate because he gave her the power to dispose of it by donation is unreasonable. If he intended her to have the property in fee she needed no power from him to dispose of it by donation or otherwise,—and this he must be presumed to have known and understood."

We are of the opinion that in this case the limitation on the power of disposition prevented a devise of the fee to the widow, and that the subsequent clause of the will disposing of the fee is not void for repugnancy.

Appellant also contends that the fifth clause of the will shows an intention to vest the fee in the testator's widow, for the reason, she argues, that the entire property was devised to trustees with direction to sell after two years. This argument is based on a misapprehension of the meaning of the fifth clause. That clause specifically says that the testator's property is to be vested in the executors in trust for the purpose of paying his debts and the legacies created by the will. There is no direction to sell but a power so to do after two years. This was evidently inserted for the benefit of the testator's creditors and legatees under the will. As such power was never exercised it is evident that the debts and legacies were paid without the necessity of resorting to it. The fifth clause does not tend to establish an intention on the part of the testator that his widow should take the fee.

The property in question on the death of the widow passed by the fourth clause of the will and appellant had no interest in it, and the circuit court was right in so decreeing. Its decree is therefore affirmed.     *Decree affirmed.*