(No. 21329.—

ONA WOODS, Appellee, *vs.* EFFIE SEYMOUR *et al.* Appellants.

*Opinion filed October 22, 1932—Rehearing denied Dec. 23, 1932.*

494

Dunn and DeYoung, JJ., dissenting.

Walter W. Wright, and William T. Wilson, for appellants.

Bellatti, Samuell & Moriarty, for appellee.

Mr. Justice Orr delivered the opinion of the court:

This appeal comes from the circuit court of Morgan county, where in an ejectment suit a judgment was entered declaring that the right of possession of 200 acres of farm land was in Ona Woods, the appellee, in fee simple. The essential facts were stipulated and are as follows:

On December 24, 1902, Andrew J. Woods, then owning the real estate involved and being the common source of title through whom the appellants and appellee all claim, executed a certain deed in the following form:

"The grantors, Andrew J. Woods and Margaret E. Woods, his wife, for and in consideration of the natural love and affection which they have for their son, and for the further consideration of one ($1.00) dollar, in hand paid, convey and warrant to Newton E. Woods, of the county of Morgan and State of Illinois: [Description of land.]

"Reserving unto the said Andrew J. Woods and Margaret E. Woods, his wife, the sole use, control, benefit and income of all the premises and lands above described, during their natural lives. Said Newton E. Woods shall have full right and lawful authority to sell and convey all the lands above described at any time after the grantors' death during his lifetime, but in case said Newton E. Woods should die without living children and without himself having disposed of and conveyed the lands, then all the lands remaining unsold shall revert to grantors' estate, and be divided equally between their surviving children. The surviving child or children of any deceased son or daughter to receive the share the parent would have received if living.

"Situated in the county of Morgan in the State of Illinois.

"Hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State.

"Dated this twenty-fourth day of December, A. D. 1902.

ANDREW J. WOODS,    (Seal)
MARGARET E. WOODS.  (Seal)"

The foregoing deed was acknowledged on the date it bears and was filed for record October 1, 1907. The mother, Margaret E. Woods, died on May 8, 1907, and the father, Andrew J. Woods, died intestate on January 14, 1918, leaving surviving him his son, Newton E. Woods, and his daughters, the appellants, Effie Seymour, Lillie Kimber, Ella Rogers and Lettie McConnell, as his only heirs-at-law. Newton E. did not in his lifetime, after the death of his father, sell and convey or dispose of the lands described in the deed, or any part thereof, and died in 1926 without living children surviving him, his only child, Byron, having died unmarried and without issue in 1921, more than five years before the death of his father, Newton E. By his will Newton E. gave and devised to his widow, Ona, the appellee, his entire estate.

In behalf of the appellants it is contended that the deed to Newton E. Woods conveyed a determinable fee to him,

with an independent, limited power of sale, which was never exercised, and that on his death without surviving children the limitation over took effect and the title to the land vested in the appellants as the surviving children of the grantors. The appellee, however, asserts that the power of sale in the deed was a part and parcel of the estate conveyed to Newton E., and that since he could have conveyed an estate in fee simple under this power in his lifetime, the attempted limitation over to the appellants was void.

It is a fundamental rule in the construction of deeds that the intention of a grantor, as gathered from a consideration of the whole instrument, will be given effect where not contrary to some positive rule of law. Where words of inheritance are not used the entire context may be considered, and every word used must, if possible, be given weight in determining the estate granted. (*Bear* v. *Millikin Trust Co.* 336 Ill. 366; *Kearney* v. *Kirkland,* 279 id. 516.) Under the provisions of sections 9 and 13 of the Conveyance act (Smith's Stat. 1931, chap. 30, pars. 8, 12, pp. 705, 706,) the deed in question conveyed a fee simple estate provided "a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." If a less estate is limited by express words or appears to be granted by construction or operation of law a fee simple estate does not pass. *Cutler* v. *Garber,* 289 Ill. 200; *Patterson* v. *McKay,* 313 id. 491.

The language used in the deed before us leaves little room for doubt as to the grantors' intentions. They first reserved a life estate to themselves during their natural lives. They then conferred upon their son full authority to sell and convey the lands at any time after their death, during his lifetime. This was a restricted power of alienation, as it did not give Newton E. Woods the power of disposition by will and limited his power of sale to the period "after the grantors' death during his lifetime." The grantors in the same sentence further provided, "but in case said

Newton E. Woods should die without living children and without himself having disposed of and conveyed the lands, then all the lands remaining unsold shall revert to grantors' estate, and be divided equally between their surviving children." By this provision the grantors further restricted the fee by prescribing a limitation over in case Newton E. should die without living children and without having conveyed the lands. The language of the grant to Newton E. did not import an estate in fee simple, which is a pure inheritance, clear of any qualification or conditions, and must be given or granted generally, absolutely and simply. (2 Blackstone's Com. 104; 4 Kent's Com. 5.) By denying the right to dispose of the property by will the power of disposition was limited during the lifetime of Newton E. By also restricting the inheritance only to the living children of Newton E., rather than to his heirs generally, the fee was further limited. There was thus clearly expressed an intention on the part of the grantors that if their son did not convey all or any part of the lands deeded to him during his lifetime and left no children surviving him, such remainder of the lands unsold at the time of their son's death should revert to the grantors' estate and be divided equally among their blood relatives. This clearly expressed intention cannot be frustrated on the ground of repugnancy, for unless a fee is created with an unrestricted power of disposition, a subsequent clause conveying to others all property not disposed of in the lifetime of the first taker is not void for repugnancy. (*Bohn* v. *Irvington,* 303 Ill. 82.) A power of disposition, in order to defeat a base or determinable fee created by way of an executory devise, must be absolute and unlimited and such that it may be exercised not only during the lifetime of the devisee but also by will at his or her death. *Defrees* v. *Drydon,* 275 Ill. 530.

No question arises here concerning an executory devise, as this case involves a deed—not a will. In construing a deed the rule is that the nature and extent of the estate

granted is to be determined, as a matter of law, from the instrument itself, and the intention of the grantor must be ascertained from the language used within the four corners of the instrument. (*Harder* v. *Matthews*, 309 Ill. 548.) Sections 9 and 13 of the Conveyance act must be read and construed together, and the words "if a less estate be not limited by express words," found in section 13, must be applied to a deed drawn in accordance with the form prescribed by section 9, where the only granting words are "convey and warrant." (*Bauman* v. *Stoller*, 235 Ill. 480.) In the last cited case this court fully considered the effect of words of limitation inserted after the description of premises in a deed prepared in accordance with the statutory form prescribed by section 9 of the Conveyance act, in which the only granting words were "convey and warrant," and there held that the grantor had reduced the grantee's estate to less than a fee simple by using words following the description of real estate which were a limitation upon the title, and, so holding, this court there said: "Manifestly, the purpose of the legislature in enacting section 13 was to require that every word used in a conveyance, no matter in what part found, should be given weight in construing the instrument, where the party making the conveyance did not use words of grant or devise which at common law would have conveyed an estate of inheritance. The doctrine by which words in some part of a deed following the premises, which apparently cut down or reduce the estate conveyed by the words of grant, shall be disregarded as repugnant to the words of conveyance, has no application where the granting words are not such as would at common law convey an estate of inheritance. * * * The phrase, 'if a less estate be not limited by express words,' found in section 13, must be applied to a deed drawn in accordance with section 9 where the only granting words are 'convey and warrant.' " In construing this deed effect must be given to each word, clause or term employed by

the parties, rejecting none as meaningless or surplusage. *Cover* v. *James,* 217 Ill. 309.

Upon execution and delivery of the deed, Newton E. Woods, the grantee, took title conditioned as follows: (*a*) Subject to life estate of the grantors; (*b*) without power of alienation during the existence of the life estate; (*c*) with power of alienation only during the period between the date of the grantors' death and the death of Newton E. Woods; (*d*) without power to devise; (*e*) without right of descent (unless he left children); (*f*) subject to reversion if he should die without leaving children. The title thus lacks so many incidents to a fee that there is no basis for appellee's claim that he was vested with a fee. He could have conveyed a fee during his lifetime after his parents' deaths, but his power to do this was solely by virtue of the independent power of sale contained in the deed and not by reason of any fee simple title in him. Even his power of sale was a restricted power, as he could exercise it only between certain defined dates. Had he died without issue, at any time during the eleven-year period ensuing before the deaths of the grantors, neither he nor his heirs would have taken anything by the deed.

By reason of the restrictions above mentioned the grant to Newton E. Woods was not an estate in fee simple but was an estate subject to certain conditions. That it was less than a fee simple estate is virtually conceded by the appellee, who relies almost exclusively upon the operation of the rule of law by which if the first grantee or devisee has an estate which he can convey in fee simple so as to destroy an attempted limitation over, such limitation is void. (*Williams* v. *Elliott,* 246 Ill. 548; *Wilson* v. *Wilson,* 268 id. 270; *Sweet* v. *Arnold,* 322 id. 597; *Stewart* v. *Stewart,* 186 id. 60, and other cases cited.) But this rule of law can not apply in the present case because (1) the grantee did not take a fee simple estate under the deed from his parents, and (2) the grantee was not given an unlimited and

uncontrolled power of disposition of the estate conveyed to him. It is true that the power of sale given to him during his lifetime, after the death of his parents would have enabled him to have conveyed a fee simple estate prior to his death. But such a conveyance could only have been made pursuant to the power given and not independent of it, because his title, aside from this power, was not a fee simple title. There is a distinction between a power and a right of property. A power of disposition does not imply ownership but is a mere authority conferred by a will or deed. (*Ducker* v. *Burnham,* 146 Ill. 9.) And this power of sale annexed to a lesser estate does not enlarge the estate. *Walker* v. *Pritchard,* 121 Ill. 221; *Williams* v. *Elliott, supra.*

The questions here involved were fully considered and the required distinctions made by this court in the case of *Forbes* v. *Forbes,* 261 Ill. 424, under a set of facts very similar to those before us now. There the testator devised certain land to his daughter, Cordelia K. Forbes, in fee simple, subject to the conditions set forth in his will, and then provided: "Tenth—In case of the death of either of my said daughters, Cordelia K. Forbes or Caroline C. Forbes, without issue of the body surviving, then the lands hereinbefore devised to such deceased daughter shall descend to and vest in my said wife and the survivor of said two daughters in fee simple, in equal shares; and in case both of said daughters should die leaving no issue of their bodies surviving them, then the lands hereinbefore devised to them, respectively, shall descend and vest in my said wife, Mary E. Forbes, in fee simple. Nothing herein contained shall be taken or construed as depriving my said wife, Mary E. Forbes, and my said daughters, Cordelia K. Forbes and Caroline C. Forbes, or either of them, of the right and power to sell and convey the lands devised to them, respectively, or any part thereof, in fee simple." In deciding that case this court, speaking through Mr. Justice Cartwright, said: "The power to convey a fee simple is an

ordinary incident of every fee simple estate, but there must be something more than a mere devise in fee simple to defeat a limitation over by way of an executory devise. It is not correct to say that this must always be by conferring a power in addition to the estate devised, but it must appear expressly or by fair implication that the devisee may dispose of the estate devised in his uncontrolled discretion. Neither is it correct to say that in every case where there is a power to dispose of the fee subsequent limitations are defeated. In *Markillie* v. *Ragland,* 77 Ill. 98, *Friedman* v. *Steiner,* 107 id. 125, *Hamlin* v. *United States Express Co.* 107 id. 443, and *Koeffler* v. *Koeffler,* 185 id. 261, there were devises which by their own terms, if not qualified by any subsequent provision, would have vested fee simple estates in the devisees, and in each one the devise was construed as subject to subsequent conditions or limitations, although in each case there was a power to dispose of the fee and vest in the purchaser a fee simple title. In *Markillie* v. *Ragland, supra,* the court said that if only the first clause of the devise were considered, a fee simple passed to the widow, and if the devise had stopped there no one would contend that a fee did not pass, but that the fee was subject to several important limitations contained in the will. In *Friedman* v. *Steiner, supra,* the devise was to the testator's wife and unto her heirs and assigns forever, to the total exclusion of any and all person or persons whatsoever, but on account of subsequent conditions qualifying the devise it was held .it did not give the wife a fee simple estate. The other cases cited are of the same character. * * * In the case of *Williams* v. *Elliott, supra,* there was a devise in fee simple to the testator's niece, subject to no condition or limitation, but with a provision that if she should not dispose of the estate by will or otherwise and should die without issue, seized of the estate, it should go to others. That was not a case where there was a condition annexed to the devise making the estate devised less than a fee simple

but with a power to dispose of the fee. It was a case where the devisee could dispose of the estate devised to her, in her own discretion, either by deed or will, and the decision is not authority for the proposition that a devisee having less than a fee simple estate, who can convey the fee by virtue of power, right or authority, becomes invested with the fee by virtue of such power. In this case the devise to Cordelia K. Forbes was not, in terms, of an estate in fee simple but of a fee subject to a condition and which would be terminable upon the happening of the condition. The provision that nothing contained in the will should deprive her of the right and power to sell and convey the lands devised to her, or any part thereof, in fee simple, was intended by the testator to confer a power over the estate, and, the power not being exercised, the limitation over took effect upon her death without surviving issue."

The grant to Newton E. Woods was subject to the condition that should he die without living children the land should revert to the grantors' estate. It makes no difference where this condition was found in the deed, its presence reduced the estate to an estate less than a fee simple. Such a conveyance has been defined as a base or determinable fee. (*Forbes* v. *Forbes, supra; Koeffler* v. *Koeffler, supra; Friedman* v. *Steiner, supra.*) The power to sell and convey was separate and distinct and not a part of the estate granted to Newton E. Woods in the granting clause of the deed. This power of sale was limited as to time and extent and was entirely independent of the granting clause. The grant of a limited power of sale in the deed did not in any way enlarge the estate granted to a fee simple estate, as Newton E. was denied the full and complete power of disposing of the land either by deed or by will. This construction not only carries out the manifest intention of the grantors without rejecting any of the provisions of the deed, but also does no violence to any of the settled rules of law or previous decisions of this court.

The deed under consideration conveyed a base or determinable fee to Newton E. Woods, with an independent, limited power of sale, which was never exercised. On his death without surviving children the limitation over took effect and the land vested equally in Effie Seymour, Lillie Kimber, Ella Rogers and Lettie McConnell, the then surviving children of the grantors.

The judgment of the circuit court is accordingly reversed.

*Judgment reversed.*

DUNN and DEYOUNG, JJ., dissenting.